## HILDA SAUNDERS ASHLEY v. A. R. BROWN.

(Filed 19 February, 1930.)

**1. Statutes B b—In absence of express provision statutes will not be given retroactive effect unless necessary from construction.**

A statute which is not remedial or curative, but which affects a substantial right will not be construed as retroactive or retrospective unless it expressly provides therefor, or by construction it is necessary to so regard it to carry out the legislative intent.

**2. Process B e—Statute providing for service on Commissioner of Revenue in action against nonresident automobile owner has no retroactive effect.**

The statute which provides that a nonresident by using the highways of the State, will be deemed to have appointed the Commissioner of Revenue as his agent for the service of process is not remedial or curative, but affects a substantial right, and the appointment of the Commissioner thereunder is contractual, and the statute is not to be given retroactive effect, and service of process thereunder in an action accruing before the effective force of the statute is void.

**3. Statutes B a—Statute adopted from another state will ordinarily be given the construction placed upon it by the state from which adopted.**

Where a statute is adopted in our State from another State or country, as a general rule, it is to be construed in accordance with the interpretation given it by the State or country from which it is adopted, especially when the statute itself does not express any intention to the contrary.

APPEAL by plaintiff from *Sinclair, J.,* at September Term, 1929, of CAMDEN. Affirmed.

This is an action to recover damages for personal injury. The plaintiff alleges that on 2 December, 1928, the defendant negligently operated an automobile on a public highway in Camden County and negligently caused its collision with a car in which the plaintiff was traveling, and thereby inflicted upon her serious personal injury for which she is entitled to damages. The defendant entered a special appearance and moved to dismiss the action for the reason that there had been no valid service of process upon him and that the court had no jurisdiction to proceed against him in the premises. The motion was allowed, judgment was entered, and the plaintiff excepted and appealed.

The defendant was not personally served. The only evidence of the service of process is contained in the plaintiff's affidavit which was filed 25 September, 1929. She alleges that the summons was issued on 10 August, 1929; that the summons and the complaint were served on the defendant by reading the summons and by delivering a copy of the summons and of the complaint together with $1.00 to A. J. Maxwell, Commissioner of Revenue of North Carolina, on 20 August, 1929; that a copy of the summons and a copy of the complaint were mailed to the defendant by said Commissioner by registered mail and received by the defendant on 19 September, 1929; that on 19 August, 1929, the plaintiff caused the summons and the complaint to be served on the defendant by mailing a copy of each of these papers to the defendant by registered mail and that said copy was received by the defendant on 30 August, 1929. She further alleges that these acts are shown by the following return receipts which are attached to her affidavit:

1. Post Office Department—Official business
    Registered Article
    No. 574
    Return to Mrs. Hilda Saunders Ashley,
    c/o McMullan & LeRoy,
        Elizabeth City, N. C.

RETURN RECEIPT:

Received from the Postmaster the Registered or Insured Article, the original number of which appears on the face of this card.

                                                A. R. BROWN
                                (Signature or Name of Addressee)

Date of delivery, 30 August, 1929.

2. Post Office Department—official business.
    Registered Article
    No. 4692
    Return to A. J. Maxwell, Commissioner, Raleigh, N. C.

RETURN RECEIPT:

Received from the Postmaster the Registered or In-
sured Article, the original number of which appears
on the face of this card.

                                          A. R. BROWN
                        (Signature or Name of Addressee)
Date of delivery, 19 September, 1929.

*McMullan & LeRoy for plaintiff.*
*W. Shepard Drewry and Ehringhaus & Hall for defendant.*

ADAMS, J. In 1929 the General Assembly enacted a statute regulating
the service of process upon nonresidents of the State in civil actions
growing out of accidents or collisions in which the owners or operators
of motor vehicles are charged with liability in damages. P. L. 1929,
ch. 75. The act was ratified 1 March, 1929, and immediately became
effective. The first section is as follows:

"That the acceptance by a nonresident of the rights and privileges con-
ferred by the laws now or hereafter in force in this State permitting the
operation of motor vehicles, as evidenced by the operation of a motor
vehicle by such nonresident on the public highways of this State, or the
operation by such nonresident of a motor vehicle on the public high-
ways of the State other than as so permitted or regulated, shall be
deemed equivalent to the appointment by such nonresident of the Com-
missioner of Revenue, or of his successor in office, to be his true and
lawful attorney upon whom may be served all summonses or other law-
ful process in any action or proceeding against him, growing out of any
accident or collision in which said nonresident may be involved by rea-
son of the operation by him, for him, or under his control or direction,
express or implied, of a motor vehicle on such public highway of this
State, and said acceptance or operation shall be a signification of his
agreement that any such process against him shall be of the same legal
force and validity as if served on him personally. Service of such
process shall be made by leaving a copy thereof, with a fee of one dollar,
in the hands of said Commissioner of Revenue, or in his office, and such
service shall be sufficient service upon the said nonresident: *Provided,*
that notice of such service and a copy of the process are forthwith sent
by registered mail by the plaintiff or the Commissioner of Revenue to
the defendant and the defendant's return receipt and the plaintiff's
affidavit of compliance herewith are appended to the summons or other
process and filed with said summons, complaint and other papers in the
cause. The court in which the action is pending shall order such con-
tinuance as may be necessary to afford the defendant reasonable oppor-
tunity to defend the action."

The trial court found the following facts and made them a part of the judgment: (1) The plaintiff's injury, which is the subject of the action, occurred on 2 December, 1928, and therefore prior to the ratification of the act; (2) the plaintiff is a nonresident of North Carolina and a resident of Virginia; (3) the defendant is a nonresident of North Carolina; (4) when the injury occurred both parties were and have since continuously been nonresidents of the State; (5) at no time since 3 December, 1928, has the defendant been in the State, or driven, or caused or expressly or impliedly permitted to be driven upon its highways any motor vehicle which he owned or controlled. Since the facts thus found are binding upon this Court, it is obvious that the determinative question is whether the act of 1929 is retrospective or only prospective in its operation.

As applied to statutes the words retroactive and retrospective may be regarded as synonymous and may broadly be defined as having reference to a state of things existing before the act in question. A retrospective law may be defined more specifically as one "which is made to affect acts or transactions occurring before it came into effect, or rights already accrued, and which imparts to them characteristics, or ascribes to them effects, which were not inherent in their nature in the contemplation of the law as it stood at the time of their occurrence." Black on Interpretation of Laws, 247.

Concerning its retrospective operation the statute contains no express declaration of the legislative intent. We must therefore observe the general rule that all statutes are to be construed as having only prospective operation unless an intention to give them retrospective effect is expressly declared or necessarily implied; or, as stated in *United States v. Heth,* 7 U. S., 3 Cranch, 398, 413, 2 Law Ed., 479, 483, that "words in a statute ought not to have a retrospective application, unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied." A specific application of the rule in several of its phases may be seen by reference to the following cases: *United States v. Burr,* 159 U. S., 78, 40 L. Ed., 82; *United States v. American Sugar Ref. Co.,* 202 U. S., 563, 50 L. Ed., 1149; *Wilkinson v. Wright,* 1 N. C., 422; *Peace v. Nailing,* 16 N. C., 289, 296; *Merwin v. Ballard,* 66 N. C., 398; *Greer v. Asheville,* 114 N. C., 678; *Mann v. Allen,* 171 N. C., 219; *Waddill v. Masten,* 172 N. C., 582; *Commissioners v. Blue,* 190 N. C., 638.

An intention to make the statute retrospective is neither expressly declared nor necessarily implied; but an intention to make its operation prospective only is clearly indicated. The service of process under this act upon a nonresident of the State is predicated upon the appointment by the nonresident of the Commissioner of Revenue, or his successor in office, as the attorney upon whom, in actions against the nonresident, a

summons or other lawful process may be served; and the appointment of an attorney for this purpose is predicated upon the acceptance by a nonresident of the privilege of operating motor vehicles upon the public highways of the State. His acceptance of this right at any time after the act was ratified is deemed equivalent to the appointment of the Commissioner of Revenue as his attorney. But at the date of the alleged injury his use of the public highways did not impliedly or otherwise have the effect of appointing an attorney upon whom process could be served for the purpose of bringing him within the jurisdiction of the courts of this State; and the defendant has not at any time since the ratification of the act been in the State or permitted a motor vehicle owned or controlled by him to be driven on its highways.

Curative and remedial statutes which are necessarily retrospective must be given a retrospective operation unless the effect will be to disturb vested rights or to impair the obligation of contracts. 25 R. C. L., 790, et seq. But the statute under consideration is neither remedial nor curative; it imposes a contractual obligation and affects substantial rights. If construed as retrospective, it would confer upon the plaintiff a legal right where none before existed and deprive the defendant of his exemption from the service of process by the method therein prescribed.

The act in question was modeled after the Massachusetts law. Acts and Resolves of Massachusetts, 1923, ch. 431, sec. 2. In substance the two are almost identical. The validity of the latter act was sustained by the Massachusetts Supreme Judicial Court in *Pawloski v. Hess,* 35 A. L. R., 945, and on a writ of error by the Supreme Court of the United States in *Hess v. Pawloski,* 274 U. S., 352, 71 L. Ed., 1091. See *Poti v. N. E. Road Machinery Co.,* 140 Vt., 587; *S. v. Johnston,* 79 N. J. L., 49, 74 At., 538; *Kane v. State,* 81 N. J. L., 594, 80 At., 453; *Kane v. New Jersey,* 242 U. S., 160, 62 L. Ed., 222. The question of its application to actions growing out of accidents or collisions which occurred before it became effective was considered by the Massachusetts Supreme Judicial Court in *Paraboschi v. Shaw,* 155 N. E., 445. The Court held that there was no legislative attempt to make the statute applicable to cases which had arisen before it became effective, and the order granting a motion to dismiss the action for this reason was affirmed. In the course of the opinion *Rugg, C. J.,* said: "The essence of that statute is that the operation of a motor vehicle upon the highways of this commonwealth by a nonresident shall be 'deemed equivalent to the appointment by such nonresident of the registrar of motor vehicles' as his attorney for the service of all lawful processes in the specified actions and 'a signification of his agreement that any such process against him' so served 'shall be of the same legal force and validity as if served on him personally.' The statute thus imposes upon the nonresident operating a motor vehicle as there described the contractual obligation of making

the registrar of motor vehicles his agent for the limited purpose stated. Such a contractual obligation relates to substantive rights and not merely to remedy. It is manifest from the frame of the act that there was no intention on the part of the Legislature to attempt to ascribe such contractual obligation to acts committed before the statute became operative."

This construction is applicable to the statute before us. The contractual obligation arises upon the nonresident's acceptance of proffered rights and privileges, which signifies his agreement that process served upon his attorney shall be equivalent to personal service upon himself. While the decisions of one State are not conclusive on the courts of another, there is an established principle to the effect that "where a statute is adopted from another State or country, and the same has been construed by such State or country, it is the general rule that the statute is to be held to have been adopted with the construction so given to it, and particularly where the statute itself does not express any intention to the contrary." *People v. Trust Co.*, 289 Ill., 475, cited in *Bank v. Doughton*, 189 N. C., 50. See Harvard Law Review, February, 1930, note, page 623.

The statute assailed in *Wuchter v. Pizzutti*, 276 U. S., 13, 72 L. Ed., 446, was held invalid because it contained no provision making it reasonably probable that the notice would be communicated to the person sued; but it differs materially from our statute.

We are of opinion that the act of 1929 has no application to actions growing out of accidents or collisions which occurred before it went into effect, and that the judgment of the trial court should be affirmed.

Judgment affirmed.