JOHN R. WYNN, Administrator, v. EDWARD H. ROBINSON et al.

(Filed 18 October, 1939.)

Process § 8—In this action for alleged negligent operation of automobile, service of process on nonresident through Commissioner of Revenue held valid.

An affidavit of a salesman that the details of his schedule and the control of his automobile were determine by him, subject to the approval of his corporate employer, supports the finding of the court that the automobile was being operated for the corporate employer and under its control and direction, express or implied, within the meaning of chapter 75, Public Laws of 1929, and, in an action to recover for alleged negligent operation of the car, service of process on the corporate employer through the Commissioner of Revenue under the provisions of the statute is valid, and *held further*, the statute is constitutional.

APPEAL by defendant, The Alligator Company, from *Bone, J.*, at August Term, 1939, of JOHNSTON.

Civil action to recover damages for death of plaintiff's intestate alleged to have been caused by the neglect, default or wrongful act of the defendants when the automobile driven by defendant Edward H. Robinson struck plaintiff's intestate as he was crossing the highway after alighting from a school bus near his home in Johnston County on the afternoon of 3 March, 1939.

Service of summons was had upon the Commissioner of Revenue of North Carolina, as agent of the nonresident defendant, The Alligator Company, under ch. 75, Public Laws 1929.

The corporate defendant entered a special appearance and moved to vacate the attempted service of process and to dismiss for want of jurisdiction.

Touching the operation of the automobile in question, the court found the following facts:

1. That the automobile was owned by Edward H. Robinson, an employee or salesman of the corporate defendant, and was being driven by him at the time, in the discharge of his duties, as such employee or salesman, from Fayetteville, N. C., to Smithfield, N. C.

2. That the corporate defendant "exercised some degree of control over Robinson with respect to the manner in which he was to engage in soliciting orders for it and the times and places therefor."

3. That the corporate defendant "exercised some degree of control over the automobile operated and owned by Robinson and the hours, times and places in which he worked."

These findings are based upon an affidavit of Robinson in which he says the details of his schedule and the control of his automobile were determined by him "subject to the approval of the company."

From denial of the motion lodged by the corporate defendant on special appearance, The Alligator Company appeals, assigning errors.

*L. L. Levinson and Lawrence H. Wallace for plaintiff, appellee.*
*Thomas W. Ruffin for defendant, appellant.*

STACY, C. J. It is provided by ch. 75, Public Laws 1929, that in any action or proceeding against a nonresident, "growing out of any accident or collision in which said nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on any of the public highways of this State," service may be obtained through the Commissioner of Revenue. Compliance with the provisions of this statute is conceded in the instant case.

The question for decision is whether the automobile which struck plaintiff's intestate was being operated at the time "for" the corporate defendant, or under its "control or direction, express or implied." The court found that the automobile was so operated at the time, and accordingly denied the defendant's motion to vacate the service of process and to dismiss for want of jurisdiction. *Denton v. Vassiliades,* 212 N. C., 513, 193 S. E., 737. The ruling is supported by the record. *Bigham v. Foor,* 201 N. C., 14, 158 S. E., 548.

The case of *Plott v. Michael,* 214 N. C., 665, 200 S. E., 431, cited by appellant, is not in point. It involved an attempted service of process under a different statute, C. S., 1137. See *White v. Lumber Co.,* 199

N. C., 410, 154 S. E., 620.   Likewise, the case of *Smith v. Haughton,* 206 N. C., 587, 174 S. E., 506, is distinguishable, for in that case there was no evidence that the automobile, there owned by the agent and representative of the corporate defendant, was being operated at the time in the business of the corporate defendant, "for" it, or under its "control or direction, express or implied."   Here, just the reverse appears.

The constitutionality of ch. 75, Public Laws 1929, was upheld in *Ashley v. Brown,* 198 N. C., 369, 151 S. E., 725.   Defendant's present challenge must meet with a like result.

The ruling from which the defendant appeals will be upheld.

Affirmed.