ing the defendant to appeal *in forma pauperis,* and no case on appeal has been filed in his office; that the time for perfecting the appeal has expired, and that he has been informed by defendant's counsel "that he does not intend to perfect the appeal, but desires this record, together with the transcript of the evidence and the charge of the court, forwarded to the Supreme Court in order that the record may be reviewed before the case is dismissed."

In the absence of any apparent error, which the record now before us fails to disclose, the motion of the Attorney-General to docket and dismiss under Rule 17 will be allowed. *S. v. Page,* 217 N. C., 288, 7 S. E. (2d), 559; *S. v. Moore,* 216 N. C., 543, 5 S. E. (2d), 719; *S. v. Williams,* 216 N. C., 740, 6 S. E. (2d), 492; *S. v. Stovall,* 214 N. C., 695, 200 S. E., 426; *S. v. Watson,* 208 N. C., 70, 179 S. E., 455.

Judgment affirmed. Appeal dismissed.

---

QUEEN CITY COACH COMPANY v. CHATTANOOGA MEDICINE COMPANY.

(Filed 26 November, 1941.)

Process § 8—

Service of summons on nonresident defendant was had by service on the Commissioner of Revenue under the provisions of ch. 75, Public Laws 1929. The order of the court denying defendant's motion to vacate the service *is affirmed* on authority of *Wynn v. Robinson,* 216 N. C., 347.

APPEAL by defendant from *Ervin, Special Judge,* at June Term, 1941, of MECKLENBURG.

Civil action to recover property damage alleged to have been caused by the negligence of the defendant when the automobile driven by defendant's salesman crashed into plaintiff's bus on Highway No. 74, between Wadesboro and Rockingham about 10:00 p.m., 16 December, 1939.

Service of summons was had upon the Commissioner of Revenue of North Carolina, as agent of the nonresident defendant, Chattanooga Medicine Company, under ch. 75, Public Laws 1929.

The defendant entered a special appearance and moved to vacate the attempted service of process and to dismiss for want of jurisdiction.

Touching the operation of the automobile in question, the court found, *inter alia,* that the automobile was owned and operated by C. D. Moss, Jr., a salesman in the employ of the defendant; that he was traveling through his territory, advertising the defendant's wares, and was on his

way, with the defendant's permission, to appear in court in Nashville, Tennessee, on a matter personal to himself; that at the time of the collision "the said C. D. Moss, Jr., was engaged in the course of his employment with the defendant in advertising and undertaking to sell the products of the defendant and in promoting the defendant's business and was at such time operating his automobile on a North Carolina public highway for the defendant under the general control and direction of the defendant."

On the facts found, the motion to dismiss, made upon special appearance, was denied, and the defendant allowed time to answer or demur to the complaint. Defendant appeals, assigning errors.

*Guthrie, Pierce & Blakeney for plaintiff, appellee.*
*J. Laurence Jones for defendant, appellant.*

PER CURIAM. Affirmed on authority of *Wynn v. Robinson*, 216 N. C., 347, 4 S. E. (2d), 884.

Affirmed.

---

L. L. RHOADES AND WIFE, MITTIE RHOADES, v. CITY OF ASHEVILLE, A MUNICIPAL CORPORATION.

(Filed 26 November, 1941.)

**Appeal and Error § 20—**

Appellant's statement became the case on appeal by stipulation of the parties. One of appellant's exceptions was to the refusal of the court to grant motion for judgment as of nonsuit. The appeal is dismissed for that all the evidence is set out in the case on appeal in mass in form of questions and answers, and not in narrative form as required by Rule 19 (4).

APPEAL by defendant from *Bobbitt, J.,* at April Term, 1941, of BUNCOMBE.

Civil action for recovery for water damage allegedly resulting from actionable negligence.

From judgment on adverse verdict defendant appeals to Supreme Court, and assigns error.

*H. Kenneth Lee for plaintiffs, appellees.*
*Philip C. Cocke, Jr., for defendant, appellant.*

PER CURIAM. It appears in record on this appeal that the case on appeal, as served by appellant, by stipulation of counsel for parties to