D. WEBSTER DAVIS v. NICHOLAS MARTINI, THOMAS R. BURT, JAMES EVERITT MORLEY, AND JAMES EVERITT MORLEY, TRADING AS MORLEY'S TRANSIT.

(Filed 21 March, 1951.)

**1. Process § 10—**

G.S. 1-105, which authorizes service of process on the Commissioner of Motor Vehicles as agent of a nonresident defendant in an action arising out of his operation of a motor vehicle on the public highways of this State, is constitutional.

**2. Same—**

G.S. 1-105 authorizes service of process thereunder (1) upon a nonresident personally operating a vehicle on a public highway of this State and (2) upon a nonresident when the operation of the vehicle is under his control or direction, express or implied.

**3. Appeal and Error § 40d—**

The findings of fact of the trial court are conclusive on appeal when they are supported by competent evidence notwithstanding there may be evidence to the contrary also, it being the function of the trial court to weigh the contradictory affidavits and to determine for itself the crucial issues of fact involved.

**4. Appeal and Error § 6c (3)—**

Exceptions to the findings of fact and to the denial of requests for special findings, challenge the sufficiency of the evidence to support the findings attacked.

**5. Process § 10—Evidence held sufficient to support finding that truck was under control of nonresident within purview of G.S. 1-105.**

Evidence tending to show that a nonresident issued bill of lading in the name of his transit company, agreed to transport the cargo between the designated points, that the cargo was transported in a truck bearing his firm name, that he gave directions as to who should drive the truck, the time of departure and arrival, and that the collision occurred while the cargo specified was being transported in the truck driven by the designated driver on a public highway in this State, *is held* sufficient to support the trial court's finding that the truck was under the control of the nonresident within the purview of G.S. 1-105, notwithstanding his conflicting affidavits that he was a mere freight forwarder without control of the truck, and that the truck was owned and operated by an independent contractor.

APPEAL by defendant, James Everitt Morley, trading as Morley's Transit, from *Bone, J.,* in chambers at Nashville, North Carolina, 19 December, 1950, in action in the Superior Court of NASH County.

Special appearance challenging the validity of service of process upon the Commissioner of Motor Vehicles as agent for a nonresident defendant under G.S. 1-105.

This civil action grows out of a collision between a truck owned by the plaintiff, D. Webster Davis, a resident of North Carolina, and a tractor-trailer combination driven by the defendant, Thomas R. Burt, a resident of Florida, which occurred upon a public highway in Sharpsburg, North Carolina, on 4 January, 1950. The tractor-trailer combination was owned by the defendant, Nicholas Martini, a resident of New Jersey. The plaintiff sued Burt, Martini, and the defendant, James Everitt Morley, a resident of New York, for damages for injury inflicted on his truck in the collision. He filed a complaint alleging in specific detail that the collision was caused by the actionable negligence of Burt in the operation of the tractor-trailer combination; that Burt was jointly employed by Martini and Morley to drive the tractor-trailer from Lake Alfred, Florida, to Philadelphia, Pennsylvania; and that Burt was acting within the scope of such employment and in behalf of both Martini and Morley at the time of the collision.

Service of summons and complaint was had upon the Commissioner of Motor Vehicles as process agent for each of the nonresident defendants, Burt, Martini, and Morley, in the manner prescribed by G.S. 1-105.

The defendant Morley appeared specially, and moved to vacate the attempted service of process on him and to dismiss the action as to him for want of jurisdiction over his person.

In deciding the issue arising on the special appearance, Judge Bone considered affidavits offered by the plaintiff and counter affidavits submitted by Morley, and found "that the motor vehicle described in the complaint, although owned by the defendant, Nicholas Martini, was being operated by the defendant Thomas R. Burt upon a public highway of the State of North Carolina on the occasion referred to in the complaint for the joint benefit of his co-defendants Nicholas Martini and James Everitt Morley, both nonresidents of the State, and under their joint control and direction within the meaning of G.S. 1-105." Judge Bone concluded that the court had jurisdiction over the person of Morley, and denied the motion lodged by him on his special appearance. The defendant Morley appealed, assigning errors.

*Itimous T. Valentine for plaintiff, appellee.*

*Battle, Winslow, Merrell & Taylor for defendant, James Everitt Morley, appellant.*

ERVIN, J. The Legislature acted within the limits of its constitutional authority in enacting the statute now embodied in G.S. 1-105, which authorizes service of process on the Commissioner of Motor Vehicles as the agent of a nonresident defendant in an action arising out of his operation of a motor vehicle on a public highway of this State. *Wynn*

*v. Robinson*, 216 N.C. 347, 4 S.E. 2d 884; *Bigham v. Foor*, 201 N.C. 14, 158 S.E. 548; *Ashley v. Brown*, 198 N.C. 369, 151 S.E. 725.

Under this statute, the ownership or lack of ownership by the nonresident defendant of the motor vehicle involved in the accident is of no legal consequence in so far as his amenability to constructive service of process is concerned. *Coach Co. v. Medicine Co.*, 220 N.C. 442, 17 S.E. 2d 478; *Wynn v. Robinson, supra.* It provides for constructive service of process upon a nonresident defendant in either of the following situations:

1. Where the nonresident was personally operating the vehicle.

2. Where the vehicle was being operated for the nonresident, or under his control or direction, express or implied.

The facts found by the trial court sustain the ruling on the special appearance, and are binding on the parties to the appeal if they are supported by competent evidence. *Bigham v. Foor, supra.*

The defendant Morley has reserved exceptions to the findings and to the denial of his requests for special findings, and has thereby challenged the sufficiency of the evidence to support the crucial finding that Burt was operating the tractor-trailer combination for him, or under his control or direction at the time of the collision between it and the truck owned by the plaintiff.

The affidavits offered by plaintiff at the hearing on the special appearance contained competent evidence revealing the facts and warranting the inferences set forth in the next five paragraphs.

1. The defendant Morley, who did business under the style "Morley's Transit," had offices at Middletown and New York City in New York, and at Lake Wales in Florida.

2. On 2 January, 1950, the defendant Morley, acting through his office at Lake Wales, Florida, issued a straight bill of lading in the name of "Morley's Transit, Brokerage Division, Insulated Refrigerated Tractor-Trailer Service, 204 Franklin Street, New York 13, New York," acknowledging receipt of 350 packages of oranges from the shipper, the Star Fruit Company, at Lake Alfred, Florida, and agreeing to carry them from that place to the consignee, the Atlantic and Pacific Tea Company, at Philadelphia, Pennsylvania. Under the bill, all carriage charges were payable directly to "Morley's Transit."

3. The defendant Morley, acting through his office at Lake Wales, Florida, gave these specific directions: That the oranges should be transported from the place of shipment to the place of destination in the tractor-trailer combination described in the complaint; that Burt should drive such combination; and that Burt should leave Lake Alfred, Florida, at 5:00 p.m. on 2 January, 1950, and arrive at Philadelphia, Pennsylvania, not later than 6:00 p.m. on 4 January, 1950.

4. Although the tractor-trailer combination was registered in the name of the defendant Martini in the State of New Jersey, the tractor bore the name "Morley" in letters approximately 14 inches high on its front, and the trailer carried this inscription in large words and figures on each side: "Hauling for Morley's Transit, Brokerage Div., Middletown, N. Y., Phone 3518, New York City, Phone CA 6-1403."

5. The collision giving rise to this action occurred on a public highway of North Carolina while the tractor-trailer combination driven by Burt was carrying the oranges from Lake Alfred, Florida, to Philadelphia, Pennsylvania.

These facts and inferences support the finding that Burt was operating the tractor-trailer combination for Morley, or under Morley's control or direction at the time of the accident resulting in this litigation.

To be sure, the defendant Morley offered counter affidavits stating in specific detail that Morley was a mere freight forwarder, having no control over the tractor-trailer combination or its driver, Burt; that Morley simply engaged Martini, an independent contractor, to transport the oranges from Florida to Pennsylvania; and that the collision occurred while Martini was carrying out his undertaking by means of his own tractor-trailer combination operated by his own driver, Burt.

The trial court was necessarily called on to weigh the contradictory affidavits, and to determine for itself the crucial issue of fact arising on the special appearance. Since its decision thereon is supported by competent evidence, the resultant ruling must be

Affirmed.