MRS. ANN EWING v. MAYNARD K. THOMPSON AND MRS. DOROTHY THOMPSON.

(Filed 9 May, 1951.)

**1. Process § 10—**

A resident of Canada who operates a motor vehicle upon the public highways of this State is subject to service of process under the provisions of G.S. 1-105, since he is a "non-resident" within the meaning of the statute.

**2. Same: Appeal and Error § 40d—**

A finding by the trial court that at the time in question the son was operating the parent's car in this State within the purview of the "family-purpose doctrine" so as to render the nonresident parent subject to service under G.S. 1-105, is conclusive when supported by evidence.

**3. Automobiles § 25—**

The "family-purpose doctrine" obtains in this State.

**4. Process § 10—**

A resident of Canada who owns a car for the convenience and pleasure of the family may be served with process under G.S. 1-105 in an action involving a collision while the car was being driven in this State by the nonresident's son with her consent and approval, notwithstanding that she was not within the State at the time in question. 14th Amendment to the Federal Constitution.

APPEAL by defendants from *Bennett, Special Judge,* at 5 February, 1951, Extra Term of MECKLENBURG.

Civil action to recover for personal injury and property damage allegedly resulting from actionable negligence of defendants, heard upon motions made on special appearance to dismiss the action for lack of jurisdiction.

Plaintiff alleges, in her verified complaint, in pertinent part, the following:

"1. That the defendants are non-residents of the State of North Carolina and that, as the plaintiff is informed and believes, the mailing address of each of the defendants is 42 Finchley Road, Montreal 29, Canada.

"2. That this action grows out of a collision in which the defendant Maynard K. Thompson was involved by reason of the operation by him of a motor vehicle on a public highway in the State of North Carolina,

and the plaintiff is informed and believes that at the time the said defendant was acting as agent for his mother, the co-defendant, Mrs. Dorothy Thompson, by reason of the family-purpose doctrine and that each of the defendants is subject to the service of process in this action under the provisions of G.S. 1-105.

"3. That on May 16, 1950 . . . there was a collision on U. S. Highway No. 21, a short distance south of the city limits of the city of Charlotte, N. C., between a Chevrolet sedan operated by the plaintiff, and a Pontiac coach automobile operated by the defendant Maynard K. Thompson.

"4. That plaintiff is informed and believes that the Pontiac coach automobile referred to in the preceding paragraph hereof was owned by the defendant, Mrs. Dorothy Thompson.

"5. That the plaintiff alleges, upon information and belief, that the defendant Maynard K. Thompson is a son of the defendant, Mrs. Dorothy Thompson, and that, at the time hereinbefore alleged, the said Maynard K. Thompson was a member of her household; that the automobile which he was driving was maintained by the defendant Mrs. Dorothy Thompson for the pleasure and convenience of members of her household, including Maynard K. Thompson; that said automobile was being operated at the time hereinbefore alleged for the purpose for which the same was maintained and kept by the said Mrs. Dorothy Thompson with her knowledge and consent, and that she is legally responsible for the operation of said automobile by her son, the defendant Maynard K. Thompson, on the occasion hereinbefore alleged."

And the plaintiff further sets out and alleges (1) her version of how the collision occurred, and (2) that the collision, and the injuries to plaintiff, and damage to her automobile, in the manner and to the extent specified, "were all proximately caused by the negligence of the defendant Maynard K. Thompson for which the defendants are jointly liable" in the respects specifically detailed. Whereupon plaintiff prays judgment in specific amounts, "and such other and further relief to which she may be entitled," including service of summons in accordance with G.S. 1-105.

The parties plaintiff and the defendants stipulated that service of process was had upon both defendants under the provisions of G.S. 1-105, for substitute service upon nonresidents; and that subsequent to the filing of special appearance by the defendants as hereinafter set forth, the plaintiff filed an affidavit of compliance with the provisions of said statute G.S. 1-105.

In the meantime, defendant Maynard K. Thompson, through his attorneys, entered a special appearance for the purpose of dismissing the action, and to that end he shows to the court, in pertinent part, that he, as shown on the face of the complaint, is a nonresident of North Carolina

and of the United States of America, is a resident of the Province of Quebec, Canada, and is therefore an alien: Wherefore, he moves that the action be dismissed as to him, for that: (a) As an alien he is not subject to service of process in the manner attempted herein; (b) the service of process upon him as attempted here is defective in jurisdictional respects; (c) this court has obtained no jurisdiction of the person of him; and (d) further procedure herein as to him would violate the 14th Amendment to the Constitution of the United States.

The defendant Mrs. Dorothy Thompson, through her attorneys, also entered a special appearance for the purpose only of dismissing the action, and to that end shows to the court in pertinent part: That she, too, as shown upon the face of the complaint, is a nonresident of North Carolina and of the United States of America, is a resident of the Province of Quebec, Canada, and is therefore an alien; that at the time complained of she was not in the State of North Carolina, was not operating an automobile on the public highways of North Carolina, and was not, expressly or impliedly, exercising any control or direction over an automobile in the State of North Carolina; and that at the time complained of, no agent, express or implied, of her was operating an automobile on the public highways of North Carolina: Wherefore, she moves that the action be dismissed as to her, for the like reasons to those set forth in the motion of Maynard K. Thompson, as above set forth, and for this additional reason: "If otherwise subject to service, she has done no act bringing her within the purview of the law creating and prescribing such method of service."

Neither of the motions filed by defendants was verified, and defendants filed no affidavits or other proof in support thereof.

Plaintiff, in her affidavit of compliance with provisions of G.S. 1-105 with respect to service of summons, stated, among other things, "that at the time of the collision referred to in the complaint, the defendant Maynard K. Thompson gave to the plaintiff, as the address of the said defendant and of his mother, Mrs. Dorothy Thompson, No. 42 Finchley Road, Montreal 29, Canada"; and that "he advised the investigating police officers that the automobile which he was driving was owned by his mother."

When the cause came on for hearing on the special appearances and motions of defendants, as above set forth, the judge of Superior Court, before whom the hearing was had, entered an order in pertinent part as follows: "It appearing to the court that, subsequent to the filing of said motions, the plaintiff has filed an affidavit of compliance with the provisions of G.S. 1-105; and the defendants, in open court, having waived any defects in the plaintiff's compliance with the procedural provisions of the statute; and the court, having considered the record including the

verified complaint and plaintiff's affidavit of compliance with G.S. 1-105, and motions of the defendants, and having heard the argument of counsel, makes specific jurisdictional findings of fact for the purposes of this order only: Substantially in accordance with the allegations in the verified complaint, and affidavit of plaintiff; and

"4. That the defendant, Mrs. Dorothy Thompson, was not in the automobile driven by the defendant Maynard K. Thompson at the time alleged in the complaint, and was not in the State of North Carolina."

Upon the . . . findings of fact, so made, and upon the record, the court being of the opinion "that the defendant Maynard K. Thompson is a non-resident subject to service of process under G.S. 1-105, by reason of his operation in person of a motor vehicle on the public highways of this State, and that the defendant Mrs. Dorothy Thompson is a non-resident subject to service under said statute by reason of the operation of said automobile by Maynard K. Thompson for her and under her control or direction within the meaning of the statute, in the light of the family purpose doctrine, obtaining in this State, and that proceedings against the defendants, based upon service obtained under said statute will not violate the constitutional provision referred to in the motions to dismiss, . . . thereupon Ordered and Adjudged that the motion of each of the defendants to dismiss this action is denied, and the defendants, and each of them, are allowed thirty days from the date of this order to answer or otherwise plead to the complaint."

The court refused to sign an order tendered by defendants granting their motions to dismiss the action, and they excepted.

And defendants further except to specific findings of fact, and conclusions of law made by the court, and to the order denying their motions, and appeal to Supreme Court, assigning error.

*Guy T. Carswell, Robinson & Jones, Louis Geffen, and John M. Robinson, Jr., for plaintiff, appellee.*

*Jones & Small for defendants, appellants.*

WINBORNE, J.  The statute, G.S. 1-105, under which plaintiff has attempted to bring the defendants, residents of Canada, into court in this action, provides in pertinent part that "The acceptance by a non-resident of the rights and privileges conferred by law now or hereafter in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such non-resident on the public highways of this State . . . shall be deemed equivalent to the appointment by such non-resident of the Commissioner of Motor Vehicles, or of his successor in office, to be his true and lawful attorney upon whom may be served all

summonses or other lawful process in any action or proceeding against him, growing out of any accident or collision in which said non-resident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally . . ."

This statute is modeled after and is almost identical with Chapter 90 of General Laws of Massachusetts, as amended by statute 1923, Ch. 431, Sec. 2,—the constitutionality of which was sustained by the Massachusetts Supreme Judicial Court in *Pawloski v. Hess* (Mass.), 144 N.E. 760, 35 A.L.R. 945, and on a writ of error by Supreme Court of the United States in *Hess v. Pawloski,* 274 U.S. 352, 47 S. Ct. 632, 71 L. Ed. 1091. The Supreme Court of the United States dealt expressly with the question "whether the Massachusetts enactment controvenes the due process clause of the 14th Amendment."

The constitutionality of the North Carolina Act, Public Laws 1929, Chapter 75, as amended, now G.S. 1-105, was upheld in *Ashley v. Brown,* 198 N.C. 369, 151 S.E. 725, which has been referred to, or cited with approval in these cases: *Bigham v. Foor,* 201 N.C. 14, 158 S.E. 548; *Smith v. Haughton,* 206 N.C. 587, 174 S.E. 506; *Dowling v. Winters,* 208 N.C. 521, 181 S.E. 751; *Wynn v. Robinson,* 216 N.C. 347, 4 S.E. 2d 884; *Alberts v. Alberts,* 217 N.C. 443, 8 S.E. 2d 523; *Propst v. Trucking Co.,* 223 N.C. 490, 27 S.E. 2d 152; *Davis v. Martini, ante,* 351, 64 S.E. 2d 1.

Moreover, appellants, in their brief filed on this appeal, call attention to the fact that there is no treaty between the United States and Canada relating to this subject.

Therefore, the questions here are these:

1. Is a resident of Canada, operator of an automobile involved in an accident on a public highway in this State, a "non-resident" within the purview of G.S. 1-105? and

2. Is a family-purpose automobile, owned by a resident of Canada, and operated by her son on a public highway in this State, operated for the owner, or under her control or direction, express or implied, within the purview of G.S. 1-105?

While neither of these questions had been presented heretofore to this Court, we are of opinion and hold that each merits an affirmative answer.

As to the operator: The word "non-resident," as used in the Motor Vehicle Act, Chapter 20 of General Statutes, is defined by the General Assembly, as "every person who is not a resident of this State." The trend of decision in this Court in matters pertaining to attachment proceedings is of like tenor. See *Carden v. Carden,* 107 N.C. 214, 12 S.E.

197; *Brann v. Hanes,* 194 N.C. 571, 140 S.E. 292; *Voehringer v. Pollock,* 224 N.C. 409, 30 S.E. 2d 374; see also *Bigham v. Foor, supra,* on facts found.

Admittedly the operator of the automobile in the present action is not a resident of the State of North Carolina, and no sufficient reason is made to appear to entitle him to preferred consideration over any other nonresident of this State, upon whom substituted service has been effected under like circumstances. *Bigham v. Foor, supra; Wynn v. Robinson, supra; Alberts v. Alberts, supra; Davis v. Martini, supra.* In so holding, support is found in the cases of *Lulevitch v. Hill* (1949), 82 Fed. Sup. 612, and *Silver Swan Liquor Corp. v. Adams* (1941) (Cal.), 110 Pac. 2d 1097, etc.

In the *Lulevitch case,* the defendant is a resident of Ontario, Canada, and Judge of the United States District Court of the Eastern District of Pennsylvania was construing the Pennsylvania statute providing for substitute service upon nonresident motorists, 75 P.S. 1201, *et seq.,* which is similar to the North Carolina statute G.S. 1-105. The plaintiff contended that the act applies to any nonresident,—not merely those who are citizens of another State in the United States. There were no Pennsylvania decisions on the point. The holding of the Court is epitomized in this headnote: "Citizen and resident of Dominion of Canada was 'nonresident' subject to substituted service under the Pennsylvania statute providing for substitute service on non-resident motorists in civil suits arising out of accident or collision within the Commonwealth."

And in *Silver Swan Liquor Corp. v. Adams,* the Court, considering the case of a nonresident minor motorist, on whom personal service was made in Canada by duly qualified officer, held the process was properly served under provision in Vehicle Code of California relating to service of process on nonresident motorist. Vehicle Code, 404, St. 1935, p. 154. Civ. Code, Sec. 33.

Now, as to the owner: While appellants object and except to the finding of fact made by the Superior Court judge that the automobile operated by the son of the owner at the time of, and involved in the accident out of which this action grows, was a family-purpose automobile, the finding appears to be based upon sufficient evidence. In fact, no evidence to the contrary appears in the record. Such finding of fact by the judge is conclusive on appeal. *Bigham v. Foor, supra; Crabtree v. Sales Co.,* 217 N.C. 587, 9 S.E. 2d 23; *Davis v. Martini, supra; In re Blalock, ante,* 493.

The "family-purpose doctrine" with respect to automobiles has been adopted as the law of this jurisdiction, and applied in numerous cases,— among which are these: *Robertson v. Aldridge,* 185 N.C. 292, 116 S.E. 742; *Allen v. Garibaldi,* 187 N.C. 798, 123 S.E. 66; *Watts v. Lefler,* 190

N.C. 722, 130 S.E. 630; *Grier v. Woodside,* 200 N.C. 759, 158 S.E. 491; *Lyon v. Lyon,* 205 N.C. 326, 171 S.E. 356; *McNabb v. Murphy,* 207 N.C. 853, 175 S.E. 718; *Matthews v. Cheatham,* 210 N.C. 592, 188 S.E. 87; *Vaughn v. Booker,* 217 N.C. 479, 8 S.E. 2d 603.

In *Robertson v. Aldridge, supra, Hoke, J.,* writing for the Court, enunciated the principle in these words: "But it is also held in our opinions by the great weight of authority that where a parent owns a car for the convenience and pleasure of the family, a minor child who is a member of the family, though using the car at the time for his own purposes with the parents' consent and approval, will be regarded as representing the parent in such use, and the question of liability for negligent injury may be considered and determined in that aspect," that is, under the principle of *respondeat superior,* citing *Clark v. Sweaney,* 176 N.C. 529, 97 S.E. 474; *S. c.,* 175 N.C. 280, 95 S.E. 568, and several cases from other jurisdictions. And in *Watts v. Lefler, supra,* the principle was declared in a case involving the operation of a family-purpose car by an adult son, living with his parent.

In the light of this principle, applied to facts as found by the judge below, for the purpose in hand, the son of the owner of the family-purpose automobile will be regarded as representing the parent in such use, and hence, the operation by the son would be for the owner, and within the purview of G.S. 1-105.

Therefore, after careful consideration of all assignments of error presented, and contentions made, and argument advanced by appellants, we are of opinion that the rulings of the judge of Superior Court are proper, and should be upheld.

Affirmed.