EMMA M. WINBORNE, ADMINISTRATRIX OF THE ESTATE OF WORTH M. WINBORNE, v. WILLIAM A. STOKES AND HAZEL C. MUNN, TRADING AND DOING BUSINESS AS S & M SALES COMPANY, AND W. POWELL BLAND, ADMINISTRATOR OF THE ESTATE OF WILLIAM C. DAIL, DECEASED.

(Filed 21 October, 1953.)

**1. Appeal and Error § 6c (3)—**

An assignment of error for that the findings of the court are not supported by evidence is ineffectual unless the specific findings objected to are pointed out.

**2. Appeal and Error § 6c (2)—**

An exception that the findings of fact are not sufficient to support the judgment presents for review whether the court's conclusions of law from the findings of fact are unwarranted and erroneous.

**3. Process § 10—**

G.S. 1-105 authorizes constructive service of process on a nonresident whose automobile is involved in a collision causing injury to persons or property in this State when the automobile is being operated by the nonresident, or for the nonresident, or under his control or direction, express or implied.

**4. Same—Findings held sufficient to support service of process upon nonresident auto owner under G.S. 1-105.**

Findings of fact to the effect that the collision in suit occurred during a regular business day during business hours, that the automobile in question was registered in another state in the name of defendants and was being driven at the time by defendants' employee, that at the time of the collision the automobile contained journeymen salesmen sample cases containing merchandise used by defendants' employee as selling agent, together with order blanks, etc., and that the accident occurred at a point on a highway in this State lying between the salesman's territory in another state and the home office of defendants, and that the salesman was authorized to drive the automobile of defendants across this State to and from his territory, *are held* sufficient to support an order of the court denying motion to vacate service of process had upon defendants pursuant to the provisions of G.S. 1-105. The findings of the court relative to service of process under G.S. 1-105 relate solely thereto, and can have no bearing upon the trial of the cause upon the merits.

APPEAL by defendants from *Frizzelle, J.,* June Term, 1953, of WAYNE. Affirmed.

This is an action to recover damages for alleged wrongful death of plaintiff's intestate resulting from a collision of automobiles on the highway in Wayne County.

The only question presented by the appeal is the validity of the service of process on defendants Stokes and Munn, who are residents of South Carolina, by service of Summons on the North Carolina Commissioner of Motor Vehicles pursuant to G.S. 1-105. These defendants were the owners of one of the automobiles involved in the collision which resulted in the death of plaintiff's intestate. The driver of their automobile, Wm. C. Dail, was also killed in the collision, and his administrator, W. Powell Bland, was personally served with summons and is a party to the action.

In apt time the defendants Stokes and Munn through counsel entered special appearance and moved to vacate the attempted service of process on them by service of summons on the Commissioner of Motor Vehicles and to dismiss the action as to them, for that the automobile alleged to have been negligently driven by Wm. C. Dail was not being driven at the time for these defendants or under their control or direction, express or, implied.

After hearing and considering the affidavits offered in support of defendants' motion, and the affidavits *contra* offered by plaintiff the court made the following findings of fact, and thereupon denied the motion.

"1. That the 1952 Chevrolet automobile involved in the accident giving rise to this controversy bore South Carolina Registration No. D-296-937 and was registered in the State of South Carolina in the name of William A. Stokes and Hazel C. Munn, trading and doing business as S & M Sales Company, and further that the said 1952 Chevrolet was being operated by William C. Dail at the time of said collision.

"2. That the said William C. Dail was an employee and agent of William A. Stokes and Hazel C. Munn, trading and doing business as S & M Sales Company, and that the collision giving rise to this cause of action occurred at approximately 4:30 p.m. on Friday, August 1, 1952, which was a regular business day, during business hours, on a public highway route leading generally from Suffolk, Virginia, to Columbia, South Carolina.

"3. That the said 1952 Chevrolet automobile of the defendants, William A. Stokes and Hazel C. Munn, contained at the time of the said collision a substantial quantity of the goods, wares, and merchandise of the defendants, Wm. A. Stokes and Hazel C. Munn, trading and doing business as S & M Sales Company, which their agent and employee, William C. Dail, used in selling as agent for the said defendants in the

regular and usual course of his employment, and that included in such quantity of goods, wares, and merchandise were the following : watches, cigarette lighters, fountain pens, notions and sundries, which articles were contained in three journeymen salesmen sample cases, and in addition to those articles there were numerous pieces of paper, order blanks, letter heads, sales slips and other business papers, all of which had printed upon them S & M Sales Company and the address of that Company in Columbia, South Carolina.

"4. That on the morning of August 1, 1952, William C. Dail was working as agent, servant or employee of the defendants Stokes and Munn, trading as S & M Sales Company, in the Suffolk area of Virginia and that the defendants Stokes and Munn had not authorized the deceased William C. Dail to return to Columbia, South Carolina, on August 1, 1952, and did not know he was returning from Suffolk, Virginia, to Columbia, South Carolina, on that date.

"5. That the mother of the deceased William C. Dail was expecting the said William C. Dail for dinner at Calypso, North Carolina, on the evening of August 1, 1952, and that Calypso lies generally south of the place at which the accident giving rise to this controversy occurred, and further that Calypso lies generally between such point and Columbia, South Carolina.

"6. That the wife of William C. Dail did not know on August 1, 1952, where her husband was, what he was doing, or what his plans were.

"7. That the deceased William C. Dail was not authorized by the defendants Stokes and Munn, trading as S & M Sales Company, to represent them in North Carolina in any way by selling for them or taking orders for them, but that William C. Dail was authorized to drive the 1952 Chevrolet automobile of the defendants, which automobile had been assigned to said Dail, through North Carolina on his trips between his Columbia, South Carolina headquarters and his assigned territory in Virginia and West Virginia.

"8. That the said William C. Dail was operating the car of the defendants William A. Stokes and Hazel C. Munn, at the time and place of the collision giving rise to this action, for the said William A. Stokes and Hazel C. Munn, trading and doing business as S & M Sales Company, or under the control or direction, express or implied, of the defendants, William A. Stokes and Hazel C. Munn, trading and doing business as S & M Sales Company.

"9. That the plaintiff, as a part of her response to the motion of the said non-resident defendants to vacate service and dismiss the action, specifically pleaded the provisions of the General Statutes of North Carolina of 1943, as amended, Section 20-71.1.

"10. That the non-resident defendants Stokes and Munn, trading as S & M Sales Company, were served with process in this cause under and pursuant to the provisions of N. C. General Statutes, Chapter 1, Section 105, as amended, and that the plaintiff has wholly complied with the provisions of said chapter and section of the General Statutes of North Carolina.

"It is now, therefore, ordered and decreed that the motion of the defendants, William A. Stokes and Hazel C. Munn, trading and doing business as S & M Sales Company, to vacate service upon them and to dismiss this action as to them be, and it is hereby disallowed and denied."

The defendants excepted to the order and appealed to this Court, assigning error in the signing and entry of the order, and that "the court erred in setting forth the findings of fact contained in the order dated June 25, 1953, in that said findings are not supported by the evidence presented in the case, and said findings are not sufficient to support the order signed."

*W. G. Smith and Poisson, Campbell & Marshall for plaintiff, appellee. Taylor & Allen and Lindsay C. Warren, Jr., for defendants, appellants.*

DEVIN, C. J.  The appellants excepted to the order denying their motion to vacate the service of process and in their appeal to this Court assign error in that the court's findings of fact upon which the order was based were not supported by the evidence, but they fail to point out what specific findings are without support in the evidence. *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.  However, by their assignment of error that the facts found are insufficient to sustain the court's order they present that question for our consideration and determination.  They urge the view that the court's conclusions from the findings of fact set out at length in the order are unwarranted and erroneous.

The statute authorizing constructive service of process on nonresidents whose automobiles are involved in collisions causing injury to person or property in this State applies when the automobile is being operated by the nonresident, or for the nonresident, or under his control or direction express or implied.  G.S. 1-105; *Davis v. Martini,* 233 N.C. 351, 64 S.E. 2d 1; *Wynn v. Robinson,* 216 N.C. 347, 4 S.E. 2d 884.

The court below from the evidence offered found that the facts shown were sufficient to entitle the plaintiff to call to her aid the enabling provisions of G.S. 1-105 to secure service of process on the nonresident defendants in the manner therein prescribed.  It was found that the statute had been in all respects complied with.

From an examination of the record we reach the conclusion that the evidence offered was sufficient to invoke the provisions of the statute, and that the court's findings are in accord with the facts shown.

The findings of the trial judge from the evidence and his conclusions thereon from which the defendants have appealed were made and entered only for the purpose of ruling on defendants' motion and to determine the preliminary question of service of process, and hence do not preclude the defendants on the hearing from alleging as a defense to the action that Wm. C. Dail who was driving defendants' automobile at the time of the fatal collision was not acting within the scope of his agency or employment by the defendants at the time of the collision.

Without undertaking at this time to determine the several questions debated in defendants' brief which may arise in the trial of the action after the pleadings are in and the evidence offered, we deem it necessary only to hold that on the record the order denying defendants' motion to vacate the service of process should be, and it is

Affirmed.