**Berl B. CANTRELL, by his next friend, Marshall Cantrell, Plaintiffs,**

v.

**Charles W. HAAS, and Robert J. King, Defendants.**

**Civ. A. No. 358.**

United States District Court
W. D. North Carolina,
Statesville Division.

May 1, 1958.

W. Harold Mitchell, Valdese, N. C., for plaintiffs.

James C. Smathers, Hickory, N. C., for defendant Robert J. King.

Kennedy, Covington, Lobdell & Hickman, Charlotte, N. C., for defendant Charles W. Haas.

WARLICK, District Judge.

This is a motion filed by the defendant Charles W. Haas to dismiss the above entitled action as to him or in lieu thereof to quash the return of the service of summons on him in said cause,—and from a hearing thereon the following findings of fact are made:

This action was instituted in the Superior Court of Burke County in the Western District of North Carolina, on December 6, 1957, and on the grounds of a diversity of citizenship was removed to this court by the defendant Haas, a non-resident of North Carolina. 28 U.S. C.A. § 1332.

The defendant King is likewise a non-resident of North Carolina, being a citizen of the State of Pennsylvania, but a member of the Armed Forces of our country, stationed at Fort Bragg, North

Carolina, and summons was duly served on him as required, by the Sheriff of Cumberland County, North Carolina.

The summons in this case, together with the complaint, was served on the defendant Charles W. Haas in accordance with the provisions of North Carolina General Statutes, Secs. 1–105 and 1–106, and service thereof was fully completed as is required by the laws of North Carolina.

This is an action for damages in the alleged sum of $25,000, growing out of a collision between two automobiles, which collision took place on the Fort Bragg Military Reservation, located entirely in the State of North Carolina.

The defendant King duly filed his answer in said cause.

The defendant Charles W. Haas bases his motion to dismiss and in lieu thereof to quash the return of service of summons as to him on the ground that the General Statutes of North Carolina permitting such service on non-residents do not apply to an accident which took place on the property of the United States Government.

Plaintiff was a guest passenger, along with others, in an automobile owned and operated by the defendant King, when said automobile was in collision with an automobile owned and being operated at the time by the defendant Charles W. Haas, at an intersection of two highways within the Fort Bragg Military Reservation.

Section 1–105 of the North Carolina General Statutes as amended by the General Assembly in 1955, authorizes service of process on a non-resident if he is involved in an accident occurring on the public highways of this state or any other place within this state and is herewith quoted:

"1–105. Service upon nonresident drivers of motor vehicles and upon the personal representatives of deceased nonresident drivers of motor vehicles.—The acceptance by a nonresident of the rights and privileges conferred by the laws now or hereafter in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways of this State, or at any other place in this State, or the operation by such nonresident of a motor vehicle on the public highways of this State or at any other place in this State, other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident of the Commissioner of Motor Vehicles, or his successor in office, to be his true and lawful attorney and the attorney of his executor or administrator, upon whom may be served all summonses or other lawful process in any action or proceeding against him or his executor or administrator, growing out of any accident or collision in which said nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highways of this State, or at any other place in this State, and said acceptance or operation shall be a signification of his agreement that any such process against him or his executor or administrator shall be of the same legal force and validity as if served on him personally, or on his executor or administrator."

This section has been declared constitutional by the Supreme Court of North Carolina. Davis v. Martini, 1951, 233 N.C. 351, 64 S.E.2d 1; Ewing v. Thompson, 1951, 233 N.C. 564, 65 S.E.2d 17.

From the above facts it is quite obvious that the provisions of North Carolina General Statutes, Sections 1–105 and 1–106 are applicable to motorists using the streets and thoroughfares on the Fort Bragg Military Reservation, and that no waiver of any right having been made and no exception thereto by the Congress having been taken, that service on the defendant Haas as provided in such General Statutes is valid and constitutional and a proper service

of the summons and complaint. The motion to dismiss is therefore denied, and the defendant is ordered and directed to file answer thereto if he would defend this action.