JOHN B. PRESSLEY v. LAWRENCE JAMES TURNER; GERALDINE MARKHAM, ALSO KNOWN AS CAROL BROOKS; AND PARENTS' INSTITUTE, INC., A CORPORATION.

(Filed 29 October, 1958.)

**1. Process § 10—**

A nonresident who has the legal right to exercise control over the operation of a motor vehicle at the time of the collision in this State is subject to service of process under G.S. 1-105, neither ownership nor physical presence being necessary for valid service under the statutes.

**2. Master and Servant § 4a—**

The distinction between an independent contractor and an employee or agent is the right of the employer to exercise control over the manner in which the work is performed.

**3. Same—**

That the person doing the work determines the hours of work and is paid on a commission basis rather than a fixed salary, are not determinative of whether such person is an employee or an independent contractor but are merely indicia to be considered with the other factors in determining the status of the parties under the contract.

**4. Same: Process § 10— Nonresident held subject to service of process under G.S. 1-105 under doctrine of respondeat superior.**

Evidence and findings to the effect that the person driving the car at the time of the collision was office manager for a nonresident corporation, paid on a commission basis, that she fixed her own hours of work, but that the office was listed in the name of and maintained by the corporation, that the corporation exercised control with respect to the manner and way in which she discharged the duties of her employment, and that she collected monies for the corporation in this State and remitted same to the corporation, and was acting in the course of her employment at the time of the collision, *held* sufficient to support judgment that the nonresident corporation was subject to service of process under G.S. 1-105.

PARKER, J., not sitting.

APPEAL by defendant Parents' Institute, Inc. from *Craven, S. J.,* March 10, 1958 Special Civil Term of MECKLENBURG.

Plaintiff, a guest in a car owned and driven by defendant Turner, was injured in a collision occurring in Charlotte on 13 August 1957 between the Turner automobile and an automobile owned and driven by Geraldine Markham, hereinafter referred to as Markham. Plaintiff, asserting joint negligence, sued the operators of the two motor vehicles. Written interrogatories were submitted to defendant Markham. Based on the answers to the interrogatories plaintiff obtained leave to amend his complaint and to make Parents' Institute, Inc., hereinafter designated as Institute, a party defendant for that Markham was

the agent or servant of Institute and Institute was liable under the doctrine of *respondeat superior.*

Institute is a nonresident corporation with officers in New York City. Process issued for Institute. Service was completed in the manner prescribed by G.S. 1-105. Institute thereupon entered a special appearance and moved to dismiss, asserting that Markham was not its servant or agent but an independent contractor, it was not operating a motor vehicle in North Carolina, and for these reasons the statute authorizing service of process had no application.

Judge Craven heard the evidence offered by the parties and found in substance these facts:

"(1) That Geraldine Markham, also known as Carol Brooks, was employed by Parents' Institute, Inc., on or about May 18, 1957, to work for said company in Charlotte, Mecklenburg County, North Carolina, and other places in the State of North Carolina."

(2) That Markham was, at the time of the collision, operating one of the automobiles.

(3) That Markham "was placed in charge of an office located in Charlotte, North Carolina, that the rent on said office was paid by Parents' Institute, Inc., the telephone was listed in the Charlotte directory for said office, that said office was also listed in the Charlotte City Directory, in the name of Parents' Institute, Inc."

(4) That the duties of Markham "consisted of office manager, and among other things, the hiring and training of personnel for said company, the making of reports, the supervising of workers, the collection of moneys for said company in North Carolina . . ."

(5) That Markham "did hire and train personnel for said company, that she did collect monies for said company in North Carolina, and remit them to said company."

(6) That Institute "did exercise control over the said Geraldine Markham, also known as Carol Brooks, with respect to the way and manner in which she was to discharge the duties of her employment for and with said Parents' Institute, Inc."

(7) That just prior to the collision Markham had been working in Institute's Charlotte office, that when the collision occurred, Markham was on her way to pick up an employee of Institute and was traveling a direct route, and that at the time of the collision Markham "was acting in the course of and in the scope of her employment, and was acting in the furtherance of the business of the said defendant Parents' Institute, Inc."

(8) Institute regularly ran advertisements in the *Charlotte Observer* advertising for employees to work for it in North Carolina.

"(12) That Parents' Institute, Inc., was present and doing business in the State of North Carolina on August 13, 1957, and at the time

of said collision referred to in the Amended Complaint, that on said date the said company had employees working in the State of North Carolina, selling its products, to-wit: certain magazines and other publications, that said employees were collecting moneys in North Carolina at said time, and at the time of the collision referred to in the Amended Complaint, at said time, Geraldine Markham, also known as Carol Brooks, was employed by and acting for and on behalf of said Parents' Institute, Inc., and in the furtherance of the business of said company."

Based on his findings, Judge Craven held that Institute had been properly served and was before the court. Institute excepted to the findings of fact and conclusions of law and appealed.

*Elbert E. Foster and Charles M. Welling for plaintiff, appellee.*

*Kennedy, Covington, Lobdell & Hickman for defendant, Parents' Institute, Inc., appellant.*

Rodman, J. By the express language of our statute, G.S. 1-105, the operation of a motor vehicle by a nonresident on the highways is the equivalent of the appointment of the Commissioner of Motor Vehicles as process agent for the nonresident. Neither ownership nor physical presence in the motor vehicle is necessary for valid service. It is sufficient if the nonresident had the legal right to exercise control at the moment the asserted cause of action arose. *Winborne v. Stokes*, 238 N.C. 414, 78 S.E. 2d 171; *Davis v. Martini*, 233 N.C. 351, 64 S.E. 2d 1; *Ewing v. Thompson*, 233 N.C. 564, 65 S.E. 2d 17; *Queen City Coach Co. v. Chattanooga Medicine Co.*, 220 N.C. 442, 17 S.E. 2d 478; *Wynn v. Robinson*, 216 N.C. 347, 4 S.E. 2d 884. The findings of fact suffice to sustain the service of process.

Institute maintains that Markham was not an agent or servant but an independent contractor. The distinction between an independent contractor and a servant, employee, or agent has been clearly drawn in numerous recent cases. *Pearson v. Flooring Co.*, 247 N.C. 434; *Hinkle v. Lexington*, 239 N.C. 105, 79 S.E. 2d 220; *Perley v. Paving Co.*, 228 N.C. 479, 46 S.E. 2d 298; *Hayes v. Elon College*, 224 N.C. 11, 29 S.E. 2d 137; *Construction Co. v. Holding Corp.*, 207 N.C. 1, 175 S.E. 843; *Aderholt v. Condon*, 189 N.C. 748, 128 S.E. 337. Tersely stated, the test which will determine the relationship between parties where work is being done by one which will advantage another is: Who is boss of the job? Work done by one which benefits another is normally the result of a contract. The relationship existing between the worker, on the one hand, and the beneficiary, on the other, may be variously indicated as servant, agent, or employee, each of whom has the same legal relationship to the beneficiary of the work, or, on the other hand,

he may be called an *independent* contractor. All who work do so by virtue of a contract. The servants, the agents, the employees, the executives are not independent. They are subject to orders and under the control of the party for whom the work is being done; and because of the right to control, the doctrine of *respondeat superior* applies. But when in fact the one doing the work is independent and free from control, the beneficiary is not responsible for the manner in which the work is done.

Recognizing that the right to control is the proper test to determine the validity of service of process, Institute contends two facts stated in its affidavit and not specifically challenged by the evidence for the plaintiff establish that Markham was an independent contractor. These facts are: (1) Markham received no fixed salary, but was paid on a commission basis, and (2) Markham fixed her own hours of work. If it be conceded that these are facts, they do not singly nor in combination serve to establish the relationship of independent contractor. They are at most but signs which must be considered with other indicia to determine the true status of the parties.

The fact that Institute did not prescribe the hours that Markham should keep the office open, or when she should be out soliciting subscriptions to its magazines, or when her work should begin or terminate is, under the facts of this case, of little probative value. Certainly it is not unusual for the manager of an office to establish his own hours of work, to determine when he shall be at his desk, when he shall be out training personnel, or when he shall be engaged in promoting sales. A manager who prescribes his own and the janitor's hours of work is, in the eyes of the law, as much a servant as the janitor so far as imposing liability on the employer for the manner in which the task assigned is performed.

Institute furnished blank receipts to Markham for completion when money was paid to her for magazines sold or for delinquent accounts collected. These receipts prepared by Institute designate her as "agent." Markham refers to herself as "manager" or "employee." The fact that the parties found a commission on monies received from sales or collections a satisfactory means of compensation rather than a fixed salary is of no real moment. Certainly it is not sufficient to overcome other evidence tending to establish agency with its inherent right to control.

The evidence is, in our opinion, sufficient to sustain the findings of fact, and since the findings support the conclusions and judgment, it follows that the judgment is

Affirmed.

PARKER, J., not sitting.