SARAH K. HENRY, ADMINISTRATRIX OF THE ESTATE OF WILLIE ROBERT
HENRY, DECEASED v. RAYMOND B. WHITE T/A WHITE POULTRY
COMPANY.

(Filed 17 April 1963.)

**1. Master and Servant § 3—**

A specialist employed to overhaul and repair machinery on the owner's
premises in the owner's absence and free of any supervision by the owner
is an independent contractor.

**2. Master and Servant § 17—**

The owner employing a specialist to repair machinery on the owner's
premises, free from control of the owner in the performance of the work,
owes such specialist the duty to warn him of hidden dangers known to
the owner and not known to the specialist, but the owner is not under
duty to exercise care to provide a reasonably safe place for the specialist
to work, the specialist being more cognizant of the dangers incident to
the machinery than the owner himself.

APPEAL by plaintiff from Olive, J., December 1962 Civil Term of
RICHMOND.

This is an action to recover damages under the provisions of G.S.
28-173 and 174.

Defendant's motion to nonsuit, made at the conclusion of plaintiff's
evidence, was allowed. Plaintiff appealed.

C. B. Deane, Jones & Jones, Taylor, Kitchin & Taylor for plaintiff
appellant.

Pittman, Pittman & Pittman by William G. Pittman and Leath,
Blount & Hinson by Robin L. Hinson for defendant appellee.

PER CURIAM.  The evidence is sufficient to establish these facts:
Refrigeration is necessary in the operation of defendant's business of
processing poultry. Plaintiff's intestate, her husband, was at the time
of and for several years prior to his death engaged in the refrigeration
business. He designed a building to house and installed therein, ac-
cording to his own design, defendant's refrigerating machinery con-
sisting of two compressors driven by electric motors. The building
was approximately 16 feet long and 5 or 6 feet wide. Each compressor
was driven by 5 "V" belts connected to an overhead electric motor.
The base of the compressor was about one and one-half feet from the
wall of the building and the compressor itself came within a foot or
less of the wall. There was no guard covering the pulleys, compressors,
motors, or connecting "V" belts. The general and approved practice
is to cover "V" belts and pulleys with a guard when a machine is lo-

cated where employees or the public are apt to come in contact with the machine, but this custom does not exist where the machine is accessible only to qualified service and repair men. Defendant's employees were not permitted in the building housing the refrigerating machinery. Only defendant, his son, a business associate, and deceased were permitted to go in that building. Defendant was inexperienced in the maintenance of refrigerating machinery. Deceased had been engaged in that business for many years. He was not on defendant's payroll, but came when called to make whatever repairs or adjustments were needed. He fixed the amount owing for the service rendered. He used his own tools.

On the afternoon of 9 May 1958 deceased came to defendant's establishment in response to a call to make needed adjustments to the refrigerating machinery. He was alone. Some two or three hours later defendant found deceased unconscious on the floor housing the machinery. Deceased had a broken arm and collar bone. There were grease marks and bruises on his left arm. He had head injuries. The bodily marks indicated he had been caught in the "V" belts and thrown against the wall or to the floor. He died 17 May without having recovered consciousness.

The evidence establishes the relationship of deceased to defendant as an independent contractor—not a servant or employee. *Pressley v. Turner*, 249 N.C. 102, 105 S.E. 2d 289; *Hayes v. Elon College*, 224 N.C. 11, 29 S.E. 2d 137.

The duty imposed on an employer to exercise care to provide a reasonably safe place for his employees to work, *Muldrow v. Weinstein*, 234 N.C. 587, 68 S.E. 2d 249, does not extend to non-employee "trouble shooters," specialists in their field who respond to owner's call to service and repair a machine not operating properly. The owner must warn of hidden dangers known to the owner but unknown to the other. *Petty v. Print Works*, 243 N.C. 292, 90 S.E. 2d 717; *Deaton v. Elon College*, 226 N.C. 433, 38 S.E. 2d 561; *Hammond v. El Dorado Springs*, 31 A.L.R. 2d 1367.

Here there is no suggestion of hidden or latent danger. The asserted defect was one that resulted from following the plans and specifications prepared by the deceased. His knowledge of the hazards was at least equal to if not greater than that of defendant. Plaintiff's evidence negatives her allegation that her husband's untimely death was in any manner attributable to the breach of a duty owing by defendant to deceased.

The judgment of nonsuit is

Affirmed.