J. L. O'BRIANT, DOING BUSINESS AS J. L. O'BRIANT CONSTRUCTION COMPANY v. LEE'S WELDING & STEEL SERVICE, INC., GARLAND C. LEE, JR., AND RICHARD POOLE

No. 7314SC294

(Filed 25 July 1973)

1. **Master and Servant §§ 3, 18— specialist overhauling machinery on owner's land — independent contractor — duty of owner**
   A specialist employed to overhaul and repair machinery on the owner's premises in the owner's absence and free of any supervision by the owner is an independent contractor to whom the owner owes the duty to warn of hidden dangers known to the owner and not known to the specialist; however, the owner is not under a duty to exercise care to provide a reasonably safe place for the specialist to work, the specialist being more cognizant of the dangers incident to the machinery than the owner himself.

2. **Master and Servant § 20.5; Negligence § 34— liability of independent contractor to owner — insufficiency of evidence of contributory negligence of owner**
   In an action to recover for damages to a tractor with a front end loader allegedly resulting from fire caused by defendant where the evidence tended to show that defendant was an independent contractor hired by plaintiff as a specialist to repair the loader by

welding it in the field, that plaintiff had no knowledge of any hidden or dangerous conditions of which he failed to warn defendant, and that defendant had as much, if not more, opportunity than plaintiff to inspect the loader and correct any potentially dangerous conditions prior to commencement of the welding, evidence tending to show only that plaintiff failed to clean and inspect the loader prior to the commencement of welding and to maintain a fire watch during the repair operation was insufficient to require the submission of an issue of contributory negligence to the jury.

APPEAL by defendants from *Bailey, Judge,* 6 November 1972 Session of Superior Court held in DURHAM County.

Plaintiff, J. L. O'Briant, doing business as J. L. O'Briant Construction Company, instituted this action to recover of defendants, Lee's Welding & Steel Service, Inc., Garland C. Lee, Jr., and Richard Poole, $12,423.25 for damages to an International Crawler Tractor with a front end loader (loader) allegedly resulting from a fire negligently caused by defendants when repairing the loader by welding. The material evidence offered by plaintiff tended to show the following:

Plaintiff contacted defendant Lee about repairing a minor crack in the arm of the loader and on 3 June 1970, defendants Lee and Poole went to the construction site where the loader was located to make the repair. Lee left prior to the commencement of the welding operation.

Defendant Poole asked the operator of the loader to raise its arms but made no other preparations before he began to weld. Within one or two minutes after Poole began to weld, the loader caught on fire. Poole testified: "Immediately when the fire started I jumped down and got the fire extinguisher out of the truck and turned it towards the fire and blew the chemicals down in the belly pan towards the fire. It didn't do any good." Two employees of plaintiff, present at the construction site, testified that Poole had no fire extinguisher and merely attempted to contain the fire by throwing dirt upon it. The Durham Fire Department was called and finally extinguished the fire.

Ernest H. Andrews, a certified welder experienced in welding front end loaders and other heavy equipment, testified that before welding on a front end loader, he inspects the "belly pan" to ascertain if there is any flammable substance therein, maintains a fire extinguisher nearby, and uses "asbestos cloth or a sheet of metal to direct the fire . . . away from

the tractor . . . . " Andrews stated that he considers it his responsibility "to prepare a tractor for welding as far as cleaning it" and "to take whatever precautions necessary to keep fire away from any inflammable areas."

As a result of the fire, plaintiff incurred expenses of $5,223.25 for the repair of the loader and $6,180.00 for the rental of another loader while the repairs were being made.

At the close of plaintiff's evidence, defendants' motion for a directed verdict was allowed as to defendant Lee in his individual capacity but denied as to defendant Poole and the corporate defendant.

Defendants offered evidence tending to show that it is not customary to use asbestos or steel shields or have buckets of sand nearby when welding heavy equipment in the field and that no request was made of defendants to employ such safety devices or to make a "detailed inspection" of the loader before beginning to weld. Defendant Lee stated that it is customary for the owner or operator of heavy equipment to serve as a fire watch while it is being welded and that none of plaintiff's employees did so. Defendants offered additional evidence tending to show that "as a general rule" the hydraulic lines on a front end loader leak fluid which "would build up on the dirt underneath the vehicle and on the arms" and that "none of Mr. O'Briant's employees had cleaned the particular piece of equipment prior to when it was welded."

The following issues were submitted to the jury and answered as indicated:

"1. Was the plaintiff damaged by the negligence of the defendants as alleged in the Complaint?

Yes.

2. What amount of damages, if any, is plaintiff entitled to recover of the defendants?

$10,500.00."

From a judgment entered on the verdict, defendants appealed.

*Charles Darsie for plaintiff appellee.*

*Powe, Porter, Alphin & Whichard, P.A., by J. G. Billings for defendant appellants.*

HEDRICK, Judge.

Defendants assign as error the failure of the trial court to submit an issue of contributory negligence to the jury based on "(1) . . . Plaintiff's failure to inspect and clean the equipment in question prior to the beginning of the welding operation and (2) . . . failure of Plaintiff's employee to stand as a fire-watch while the welding was being conducted."

[1]  A specialist employed to overhaul and repair machinery on the owner's premises in the owner's absence and free of any supervision by the owner is an independent contractor. *Henry v. White,* 259 N.C. 283, 130 S.E. 2d 412 (1963). The owner employing a specialist to repair machinery on the owner's premises, free from control of the owner in the performance of the work, owes such specialist the duty to warn him of hidden dangers known to the owner and not known to the specialist, but the owner is not under duty to exercise care to provide a reasonably safe place for the specialist to work, the specialist being more cognizant of the dangers incident to the machinery than the owner himself. *Henry v. White, supra; Deaton v. Elon College,* 226 N.C. 433, 38 S.E. 2d 561 (1946).

Clearly the defendant in the instant case was an independent contractor hired by the plaintiff as a specialist to repair the loader by welding it in the field. While the evidence tends to show that employees of the plaintiff were present and at the request of Poole one of the employees raised the arms of the loader, there is no evidence in the record tending to show that the plaintiff exercised any supervision whatsoever over the work the defendant was hired to do.

Although there is testimony that "as a general rule" hydraulic lines on front end loaders leak and that the "belly pan" on front end loaders can become clogged with debris, there is no evidence in this record from which the jury could find that either of these conditions existed when defendant undertook to repair the loader nor is there any evidence that plaintiff had knowledge of any hidden or dangerous conditions of which he failed to warn defendant.

[2]  The record is replete with evidence tending to show that the defendant Poole's opportunity to inspect the loader and correct any potentially dangerous conditions prior to the commencement of welding was equal to, if not greater than, that of plaintiff. Plaintiff testified: "[I]f there was a hydraulic leak

on the surface he could certainly see it. If it was down in the belly pan you could see it." Plaintiff stated that when the arms of the loader are in a raised position, it is possible to see a portion of the belly pan, but by removing two "side panels," the entire belly pan can be seen. Defendant Poole testified: "So far as I was concerned, he had hired me to weld and anything to do with welding was my responsibility so far as the welding of the arm." Thus, it cannot be said that evidence tending to show only that plaintiff failed to clean and inspect the loader prior to the commencement of welding and to maintain a fire watch during the repair operation was sufficient to require the submission of an issue of contributory negligence. This assignment of error is overruled.

Defendants assign as error the denial of their motions for directed verdict and for judgment notwithstanding the verdict. These assignments of error are premised solely on the contention that the evidence disclosed contributory negligence as a matter of law, and for the reasons stated above, have no merit.

No error.

Judges BRITT and VAUGHN concur.