FRANK L. SCHRIMSHER, ADMINISTRATOR OF THE ESTATE OF EUGENE A. GRIFFIN, PLAINTIFF v. RED ROOF INNS, INC., DEFENDANT

No. COA01-282

(Filed 5 March 2002)

**Negligence— independent contractor killed while providing security services for motel—directed verdict**

The trial court properly granted directed verdict under N.C.G.S. § 1A-1, Rule 50 in a negligence case in favor of defendant company arising out of decedent getting shot and killed in a motel lobby while performing his work as an independent contractor providing security services at the motel owned by defendant even though plaintiff contends defendant violated its own security regulations by failing to secure the front door through which the assailant gained access to the motel lobby, because: (1) plaintiff produced no evidence that defendant's employee left the motel lobby door open on the night of decedent's death; (2) all the evidence in the case tended to show that decedent was an experienced law enforcement officer skilled in the area of security services, and there was no evidence to suggest that the unsecured door was a hidden danger of which decedent had no knowledge; and (3) decedent was hired by defendant to prevent the very kinds of criminal acts from which decedent died.

Appeal by plaintiff from judgment entered 27 October 2000 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 31 January 2002.

*Joseph L. Ledford for plaintiff appellant.*

*Templeton & Raynor, P.A., by Kenneth R. Raynor, for defendant appellee.*

TIMMONS-GOODSON, Judge.

Frank Schrimsher ("plaintiff"), the administrator of the estate of Eugene Griffin ("decedent"), appeals from judgment granting directed verdict in favor of decedent's former employer, Red Roof Inns, Inc. ("defendant"). The facts pertinent to the present appeal are as follows: Decedent was shot and killed while performing his work as an independent contractor providing security services at a motel ("the motel") owned by defendant and located in Charlotte, North Carolina. At the time of his death, decedent was a Mecklenburg County police officer with twenty-one years of experience, but he worked at the motel in an off-duty capacity. On the evening of 21 November 1991, decedent confronted several men who were creating a disturbance in the motel parking lot and ordered them to leave the premises. One of the men, Allen Gaines ("Gaines"), subsequently returned to the motel and shot and killed decedent, who at the time was sitting in the motel lobby. Gaines entered the lobby through an unlocked door.

Plaintiff subsequently filed suit against defendant, alleging that defendant violated its own security regulations by failing to secure the front door through which Gaines gained access to the motel lobby. The case came before a jury on 23 October 2000. At the close of plaintiff's evidence, defendant moved for directed verdict, which the trial court granted. Plaintiff now appeals to this Court.

---

The issue on appeal is whether the trial court erred in granting directed verdict in favor of defendant. For the reasons stated herein, we affirm the trial court.

On a motion by a defendant for directed verdict pursuant to section 1A-1, Rule 50, of our General Statutes, the trial court must consider all of the evidence in the light most favorable to the plaintiff, who is "entitled to the benefit of every reasonable inference which may legitimately be drawn from the evidence." *Mann v. Transportation Co. and Tillett v. Transportation Co.*, 283 N.C. 734, 746, 198 S.E.2d 558, 566 (1973). In the absence of any direct or circumstantial evidence of the defendant's negligence, however, directed verdict is proper. *See Jenkins v. Starrett Corp.*, 13 N.C. App. 437, 444, 186 S.E.2d 198, 203 (1972). Directed verdict is also appropriate where a defendant establishes an affirmative defense as a matter of law. *See Goodwin v. Investors Life Insurance Co. of North America*, 332 N.C. 326, 329, 419 S.E.2d 766, 768 (1992). In such

instances, "there are no issues to submit to a jury and a plaintiff has no right to recover." *Id.*

"Ordinarily an employer of an independent contractor may not be held liable for injuries which have been sustained in the performance of the contract by the contractor himself." *Deaton v. Elon College*, 226 N.C. 433, 438, 38 S.E.2d 561, 564 (1946). Where the independent contractor is a specialist in his field, the employer has a duty to warn of hidden dangers known to the employer but unknown to the independent contractor. *See Henry v. White*, 259 N.C. 283, 284, 130 S.E.2d 412, 413 (1963) (per curiam). An employer is not liable, however, for injuries arising from dangerous conditions that are open and obvious to the independent contractor. *See Deaton*, 226 N.C. at 438, 38 S.E.2d at 565.

In the instant case, plaintiff argues the trial court erred in granting directed verdict for defendant. Plaintiff asserts that there was sufficient evidence from which a jury could find that defendant was negligent in that its employee "increase[d] the risk to which [decedent] was exposed by the manner in which [defendant] conducted [its] business and how [defendant] exercised [its] responsibility for those matters exclusively within [its] control." Specifically, plaintiff contends defendant was negligent in that, on the night of decedent's death, one of its employees may have left open the door to the motel lobby, thereby allowing Gaines to enter the building and shoot decedent. We reject plaintiff's argument on two grounds.

First, plaintiff produced no evidence that defendant's employee left the motel lobby door open on the night of decedent's death. Although there was evidence that the employee had left the door open on previous occasions, there was no evidence that he had done so the night of decedent's death. " '[E]vidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict and should not be left to the jury.' " *Sharpe v. Pugh*, 21 N.C. App. 110, 116, 203 S.E.2d 330, 334 (quoting *Lee v. Stevens*, 251 N.C. 429, 434, 111 S.E.2d 623, 627 (1959)), *affirmed per curiam*, 286 N.C. 209, 209 S.E.2d 456 (1974).

Second, all of the evidence in the case tended to show that decedent was an experienced law enforcement officer, skilled in the area of security services. Decedent's knowledge of appropriate security measures, including the effect of allowing the lobby door to be unlocked at nighttime, was equal to or superior than the knowledge

of defendant. There was no evidence to suggest that the unsecured door was a "hidden danger" of which decedent had no knowledge. Indeed, decedent was hired by defendant to prevent the very kinds of criminal acts from which decedent died.

We hold, therefore, that the trial court properly granted directed verdict in favor of defendant. Accordingly, the trial court is hereby

Affirmed.

Judges BRYANT and SMITH concur.