Marvin Ray SPARROW et al.,
Plaintiffs,

v.

J. C. GOODMAN, Jr., Chief of Police of
Charlotte, North Carolina, et al.,
Defendants.

Civ. No. 2988.

United States District Court,
W. D. North Carolina,
Charlotte Division.

June 12, 1974.

George S. Daly, Jr., Casey & Daly, P. A., Charlotte, N. C., for plaintiffs.

Henry Underhill, City Atty., Frank B. Aycock, III, G. Patrick Hunter, Jr., Law Enforcement Center, David B. Sentelle, Asst. U. S. Atty., James E. Walker, Sanders, Walker & London, S. Dean Hamrick and James D. Monteith, Charlotte, N. C., and Harland D. Leathers, Asst. Atty. Gen. of United States, for defendants.

## ORDER

McMILLAN, District Judge.

1. This matter was heard on May 29, 1974, on the "Rule 12 Motion to Dismiss" filed by Defendants Haldeman, Walker and Henkel on November 12, 1973, which raises the defenses of (1) lack of jurisdiction over the subject matter, (2) failure to state a claim, (3) insufficiency of service of process, and (4) lack of jurisdiction over the person.

2. The motions to dismiss for lack of jurisdiction over the subject matter and for failure to state a claim are denied. Sparrow v. Goodman, 361 F.Supp. 566 (W.D.N.C., 1973).

3. The motion to dismiss for insufficiency of service of process: The record shows that on September 11, 1973, Summons and the Fourth Amended Complaint were delivered to the United States Marshal for service on these three defendants, personal service was had on Defendant Henkel on September 19, 1973, but Summons was returned unserved as to Defendant Walker on September 24, 1973, and as to Defendant Haldeman on a date after October 14, 1973. The United States Marshal's office made one attempt to serve Defendant Walker and two attempts to serve Defendant Haldeman. Further, it appears from an un-controverted affidavit of plaintiffs' counsel [No. 143], that on September 11, 1973, the Summons and Fourth Amended Complaint were forwarded by registered mail, return receipt requested, to Defendants Haldeman and Walker at their then last known addresses. Defendant Haldeman receipted for his letter on September 14, 1973, and Defendant Walker's letter was delivered to the mail room of the Department of the Interior on September 13, 1973. Defendant Walker was then alleged to be the Director of the National Park Service, an agency of the Department of the Interior. Defendants Haldeman and Walker thereafter filed affidavits [Nos. 123, 125] stating that they had never been citizens or residents of North Carolina. Neither denied receipt of a copy of the Summons and Fourth Amended Complaint, and both appeared through counsel to file the instant motion, which among other things referred to "purported service of process upon these defendants outside the State of North Carolina" [No. 123]. The Court finds as a fact that Defendants Haldeman, Walker and Henkel each personally received a copy of the Summons and Fourth Amended Complaint.

4. Based on the record and the Findings of Fact set forth in the previous paragraph, the Court concludes as a matter of law that service of process was sufficient upon all three defendants. Rule 4(d)(7), F.R.Civ.P., allows plaintiff to utilize a manner of service authorized by North Carolina law. Defendant Henkel was personally served, as authorized by N.C.R.C.P., Rule 4(j)(1)(a). Defendant Haldeman, an admitted non-resident of North Carolina, was properly served under N.C.R.C.P. 4(j)(9). Defendant Walker, an admitted non-resident of North Carolina, was properly served under N.C.R.C.P., Rule 4(j)(9), even assuming that there was not actual personal delivery to him. Postal regulations allow delivery of registered mail addressed to officials of executive agencies to be made to mail clerks, 39 C.F.R.

161.4(d)(4); N.C.R.C.P., Rule 4(j)(9) provides that a *default judgment* can be rendered upon a showing that summons and complaint "was in fact received as evidenced by the attached registry receipt *or other evidence satisfactory to the court of delivery to the addressee*" (emphasis supplied), clearly implying that one can be held to answer without production of the actual registry return receipt, *c. f.,* N.C.R.C.P., Rule 4(j)(1)(a). Plaintiff has effected substantial compliance with the rules, see 2 Moore's Federal Practice, § 4.11(1), at page 1038, which is sufficient to effect service on Defendant Walker.

5. The motions to dismiss for insufficiency of service of process are denied.

6. The motions to dismiss for lack of jurisdiction over the person: The Fourth Amended Complaint alleges and I find as fact that: The deprivations of rights visited upon plaintiffs, as found in the Court's Order of July 31, 1973, 361 F.Supp. 566, were done pursuant to a policy conceived and executed by Defendants Haldeman, Walker and Henkel, among others. There are allegations and testimony that Defendant Henkel met with Defendant Helms and the Defendant Charlotte Police and the Defendant Secret Service Agents and V.F.W. members (some of them defendants) on and prior to Billy Graham Day and formulated a plan to exclude "demonstrators", as described in 361 F.Supp. 566, however they might be defined on the spot by any governmental or nongovernmental ticket-taker within range; that Defendants Haldeman and Henkel were kept closely advised of these plans, participated in their formulation, and approved their execution; and that Defendants Haldeman and Walker affirmatively approved, for whatever reason, a plan calculated to produce violence and obscenity at the Coliseum, despite their fears that the press would find out that the White House was responsible behind the scenes (see Memorandum attached to Fourth Amended Complaint and Second Deposition of Defendant Helms). The results of these actions and plans have been canvassed, and their unconstitutionality declared and enjoined, in the July 31, 1973 Order.

7. There is no federal statutory law governing jurisdiction over the person. When service of process is made under state law, plaintiff must satisfy both the state test of jurisdiction over the person and the requirements of the Due Process Clause. Plaintiffs effected service of process under N.C.R.C.P., Rule 4(j) which provides in part that "in any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1–75.4, the manner of service of process shall be as follows . . . ." N.C.G.S. § 1–75.4(3) gives North Carolina courts jurisdiction over a person served pursuant to Rule 4(j) "in any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant." This language has been interpreted to be "a legislative attempt to assert *in personam* jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause of the United States Constitution," Trust Co. v. McDaniel, 18 N.C.App. 644, 646, 197 S.E.2d 556, 558 (1973). Therefore, the two issues stated above are co-extensive, to-wit: Does the exercise of jurisdiction by this Court over the persons of Defendants Haldeman, Henkel and Walker deny them due process of law?

8. The United States Supreme Court has sustained "long-arm" jurisdiction in the face of claims of lack of due process in several cases in which less relevant "contacts" were shown than are shown on this record. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Judge

(now Justice) Blackmun drew the following guidelines from these and other relevant cases:

"We observe, however, that, at one time or another in the opinions, three primary factors, namely, the quantity of the contacts, the nature and quality of the contacts, and the source and connection of the cause of action with those contacts, are stressed, and that two others, interest of the forum state and convenience, receive mention." Aftanase v. Economy Baler Co., 343 F.2d 187 (C.A. 8, 1965).

■ Defendant Henkel was on the scene and set in motion, pursuant to his purported authority as an "advance man" for the President, a great many physical "contacts" with plaintiffs, which, significantly, purported to depend upon the authority of North Carolina law for their successful execution (in the use of the Charlotte police to make arrests, and the "Volunteer Lawyers Corps" referred to in the Memorandum attached to the Fourth Amended Complaint. These "contacts" are not merely connected to the claim, but are themselves the center of the claim. They were not shown to be isolated or incidental contacts, but were intentional, forceful and repeated. It will of course be inconvenient for Defendants Haldeman, Walker and Henkel to defend at a trial on the merits in this District, but that will be less inconvenient than for the (now) 21 plaintiffs to prosecute separate actions in California, the District of Columbia, Maryland, Virginia, or wherever these defendants may reside. North Carolina also has a great interest in providing a remedy for the wrongs alleged in this action, see North Carolina Constitution, Article I, Section 14 (Freedom of Speech); Article I, Section 18 (Law of the Land). The categories set forth in *Aftanase* all weigh in favor of trial in this District.

■■ 9. There remains the question of whether due process allows a non-resident to be subjected to jurisdiction in the forum State in the absence of allegation or proof that he was personally present in the State at any relevant time: *i. e.*, may a principal be subjected to "long-arm" jurisdiction on account of the acts of his agent within the course and scope of his authority? The Court concludes that the principal can be so subjected, for several reasons. It is "reasonable and just according to our traditional conception of fair play and substantial justice," International Shoe, *supra*, 326 U.S. at 320, to so hold. Foreign corporations have been held subject to "long-arm jurisdiction" for acts of their agents under N.C.G.S. § 1–75.4(4), Federal Insurance Co. v. Piper Aircraft Corp., 341 F.Supp. 855 (W.D.N.C., 1972), aff'd, 473 F.2d 909 (C.A. 4, 1973), and no reason appears to differentiate in this regard between the "defendant" mentioned in N.C.G.S. § 1–75.4(4) and the "defendant" mentioned in N.C.G.S. § 1–75.4(3). This has been the result assumed by the commentators. Gitter, Jurisdiction Over Persons and Property, North Carolina Bar Association Foundation Institute on Problems in Practice Under the Rules of Civil Procedure, April, 1973. Older North Carolina cases construing the previous statute providing for substituted service on non-resident motorists consistently held that a non-resident owner-principal was liable for acts of his agent committed within North Carolina, even though the owner never entered North Carolina. Davis v. St. Paul Mercury Indemnity Co., 294 F.2d 641 (C.A. 4, 1961); Howard v. Sasso, 253 N.C. 185, 116 S.E.2d 341 (1960); Winborne v. Stokes, 238 N.C. 414, 78 S.E.2d 171 (1953); Pressley v. Turner, 249 N.C. 102, 105 S.E.2d 289 (1958). Particularly in view of the close connection between actions under 42 U.S.C. § 1983 and the common law of torts, see Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), it would be arbitrary to hold that principals are subject to "long-arm" jurisdiction if they are motorists, insurance companies, or foreign corporations, but not if they are individual gov-

ernmental officials. Certain non-resident individuals might colorably advance claims of hardship that would distinguish them from the typical foreign corporation large enough to conduct interstate business, but that consideration does not apply to those alleged to have abused high governmental powers. For them, the test is whether they "reasonably could have anticipated that [their] activity would have consequences in the [forum] state," *Aftanase, supra,* 343 F.2d at 197. See also, Leasco v. Kerman, 468 F.2d 1326, 1341 (C.A. 2, 1972), *quoted in* Turner v. Baxley, 354 F.Supp. 963 (D.Vt., 1972).

10. The motion to dismiss for lack of jurisdiction over the persons of Defendants Haldeman, Henkel and Walker is denied.