EDD W. DeARMON, JR., ADMINISTRATOR OF THE ESTATE OF WILLIAM AMARILLO v. B. MEARS CORPORATION, A FLORIDA CORPORATION, RICHARD HENSEL AND MARILYN HENSEL, D/B/A HENSEL & SONS, AND ALLEN F. CANADY

No. 8326SC186

(Filed 17 April 1984)

1. **Process § 9.1; Rules of Civil Procedure § 4— automobile accident involving truck leased by foreign defendant—jurisdiction over truck owner**

By applying the provisions of G.S. 1-75.4(3), the long-arm statute, and the *prima facie* showing of agency afforded by G.S. 20-71.1 to the facts that the deceased was killed in North Carolina by a motor vehicle owned by the defendant B. Mears Corp., a Florida corporation, the trial court was correct in holding, for purposes of the Rule 12(b) motion, that North Carolina does have

DeArmon v. B. Mears Corp.

personal jurisdiction over the B. Mears Corp. Furthermore, there was suffi-
cient contact with this state by B. Mears Corp. to satisfy the "minimum con-
tact" requirement in that the truck owned by B. Mears was using North
Carolina roads, the accident occurred on a North Carolina highway, and this
state has an obligation to protect persons using these roads. G.S. 1A-1, Rule
4(j) and (j1).

2. **Automobiles and Other Vehicles § 105.2— genuine issue of material fact as to
agency relationship between owner of truck and driver**

      In an action arising from an automobile accident, there was a genuine
issue of fact as to whether an agency relationship existed between the owner
of a truck and the driver of the vehicle where the vehicle was leased to a cou-
ple and the driver was not an employee of the owner of the truck. G.S. 20-71.1.

APPEAL by defendant B. Mears Corporation from *Snepp,
Judge.* Order entered 22 September 1982 in Superior Court,
MECKLENBURG County. Heard in the Court of Appeals 19 January
1984.

This is a wrongful death action in which plaintiff's intestate
was killed on 23 December 1979 in Robeson County, North Caro-
lina when he was struck in the median of Highway I-95 by a
Peterbilt truck tractor bearing a Florida license. The Peterbilt
tractor was titled with the Florida Department of Motor Vehicles
in the name of B. Mears Corporation, a Florida corporation. The
B. Mears Corporation has no property in North Carolina, is not
licensed to do business in North Carolina, does no business in
North Carolina, has no employees in North Carolina, and pays no
taxes in North Carolina. At the time of the accident the Peterbilt
tractor was leased by B. Mears Corporation to Richard Hensel
and Marilyn Hensel, d/b/a Hensel & Sons, and was operated by
Allen F. Canady, their agent. Though B. Mears Corporation had
title to the tractor, it did not have control of the vehicle on the
accident date.

Plaintiff filed a summons on 22 December 1981 and an unveri-
fied complaint on 31 December 1981 alleging that Canady was
negligent in operating the vehicle and that he was the agent and
employee of defendant B. Mears Corporation. On 1 March 1982, B.
Mears Corporation filed a motion to dismiss pursuant to Rules
12(b)(2) and 12(b)(6) of the North Carolina Rules of Civil Procedure,
contending *inter alia* that North Carolina did not have personal
jurisdiction over defendant B. Mears Corporation. An affidavit
supporting the motion stated that the subject vehicle was leased

to Richard and Marilyn Hensel at the time of the collision and that defendant Canady was not an employee of B. Mears Corporation. Plaintiff thereafter filed an amended complaint naming Richard and Marilyn Hensel as additional defendants. B. Mears Corporation reasserted its Rule 12(b) motion to dismiss.

The trial court concluded that North Carolina had personal jurisdiction over defendant B. Mears Corporation and denied defendant's motion to dismiss. Defendant appeals.

*DeLaney, Millette, DeArmon & McKnight, by Steven A. Hockfield for plaintiff-appellee.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William E. Poe and Irvin W. Hankins, III, for defendant-appellant.*

EAGLES, Judge.

I

[1] The first issue is whether the trial court erred in denying defendant B. Mears Corporation's motion to dismiss for lack of *in personam* jurisdiction over it. Resolution of this issue depends upon a two-part determination: (1) whether the statutes permit the courts of this jurisdiction to entertain the action against the defendant; and (2) if so, whether the exercise of this statutory power comports with due process of law. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977). Defendant argues that neither prong of this test has been satisfied. We do not agree.

1. *Statutory grounds.* The pertinent "long-arm" statute is G.S. 1-75.4(3), which provides that a court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure under the following circumstances:

(3) Local Act or Omission.—In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant.

This statute is liberally construed to find personal jurisdiction over nonresident defendants to the full extent allowed by due process. *Dillon, supra; Sparrow v. Goodman,* 376 F. Supp. 1268 (W.D.N.C. 1974).

In concluding that North Carolina had personal jurisdiction over B. Mears Corporation, the trial judge also relied upon G.S. 20-71.1(b), which provides in pertinent part as follows:

Proof of the registration of a motor vehicle in the name of any . . . corporation, shall . . . be prima facie evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment.

This statute shows a clear legislative intent to provide victims of highway collisions with the opportunity to recover from the owner as well as the driver of the vehicle involved in the accident. *See Broadway v. Webb,* 462 F. Supp. 429 (W.D.N.C. 1977). It enables the plaintiff relying on an agency theory to submit a *prima facie* case to the jury. *Scallon v. Hooper,* 49 N.C. App. 113, 270 S.E. 2d 496 (1980), *disc. review denied,* 301 N.C. 722, 276 S.E. 2d 284 (1981). Since the owner of a vehicle may be held liable for the negligence of an non-owner/operator under the doctrine of *respondeat superior, Howard v. Sasso,* 253 N.C. 185, 116 S.E. 2d 341 (1960), proof of ownership is sufficient to take the case to the jury on the question of the legal responsibility of the defendant for the operation of the vehicle. *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309 (1953).

For the purpose of jurisdictional fact-finding, a *prima facie* showing is sufficient to support a finding of jurisdiction. *See Ghazoul v. International Management Services, Inc.,* 398 F. Supp. 307 (S.D.N.Y. 1975); *Kemper v. Rohrich,* 508 F. Supp. 444 (D. Kan. 1980). Hence the evidence that B. Mears Corporation is the owner of the Peterbilt tractor constituted *prima facie* evidence of agency sufficient to support a finding of jurisdiction.

Applying the provisions of G.S. 1-75.4(3) and the *prima facie* showing of agency afforded by G.S. 20-71.1 to the facts alleged, i.e., that the deceased was killed in North Carolina by a motor vehicle owned by the defendant B. Mears Corporation, a Florida

corporation, we conclude that the trial court was correct in holding, for purposes of the Rule 12(b) motion, that North Carolina does have personal jurisdiction over the B. Mears Corporation.

2. *Minimum contacts.* Due process requires that the defendant have certain minimum contacts with the forum state so that maintenance of the suit therein does not offend "traditional notions of fair play and substantial justice." *International Shoe Company v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). Whether the exercise of jurisdiction pursuant to the long-arm statute comports with due process is the critical inquiry. *Chadbourn, Inc. v. Katz,* 285 N.C. 700, 208 S.E. 2d 676 (1974).

The determination of whether minimum contacts are present cannot be made by using a mechanical formula or rule of thumb, but must be made by ascertaining what is fair and reasonable and just in the circumstances, and depends upon the facts of a particular case. *Dillon, supra; Farmer v. Ferris,* 260 N.C. 619, 133 S.E. 2d 492 (1963). Fairness to both the plaintiff and the defendant must be considered. *Dillon, supra.*

The criteria for determining whether sufficient minimum contacts exist include: the quantity, quality and nature of the contacts, the source and connection of the cause of action with the contacts and with the forum state; the interest of the forum state with respect to the activities and contacts of the defendant; an estimate of the inconvenience to the defendant in being forced to defend suit away from home; and the location of crucial witnesses and material evidence. *Fieldcrest Mills, Inc. v. Mohasco Corp.,* 442 F. Supp. 424 (M.D.N.C. 1977); *Phoenix America Corp. v. Brissey,* 46 N.C. App. 527, 265 S.E. 2d 476 (1980); *Georgia R.R. Bank & Trust Co. v. Eways,* 46 N.C. App. 466, 265 S.E. 2d 637 (1980).

Applying these criteria, we believe that defendant B. Mears Corporation has sufficient contacts with North Carolina and that it is fair and does not offend due process to require defendant to defend in this state. The Peterbilt tractor owned by B. Mears Corporation was in North Carolina using North Carolina roads built and maintained to a large degree with North Carolina taxpayers' funds. This state has an obligation to protect persons using these roads, whether they are citizens of this state or out-

of-state citizens. Indeed, plaintiff's intestate was a citizen of this state. The methods of protection are diverse and the cost of protection is substantial. B. Mears Corporation, through ownership of the vehicle, is using North Carolina highways and enjoys not only the use of the highways but also the protection afforded to all users.

The accident occurred on a North Carolina highway, so the cause of action arose in this state. Since the conduct giving rise to the cause of action occurred in North Carolina, material evidence and crucial witnesses are more likely to be located within this state. Further, the inconvenience to a corporate defendant in being forced to defend suit away from home is not overwhelming in today's mobile society.

North Carolina courts consistently hold that a non-resident owner-principal is liable for his agent's acts, even though the principal has never entered this state. *Sparrow v. Goodman*, 376 F. Supp. 1268 (W.D.N.C. 1974). Our courts hold that a principal may be subjected to this state's long-arm jurisdiction on account of the acts of his agent since this is reasonable and just according to our traditional concepts of fair play and substantial justice. *Id.* For these reasons we conclude that there was sufficient contact with this state by B. Mears Corporation to satisfy the "minimum contacts" requirement of *International Shoe, supra.*

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed. 2d 490 (1980), relied upon by defendant, is clearly distinguishable. The plaintiffs in that case were New York residents who brought a products liability action in Oklahoma state court against a New York retailer, from whom they purchased an automobile in New York, and a New York wholesale distributor, among others, claiming that the injuries they suffered in a collision in Oklahoma while driving the automobile to their new home in Arizona were caused by the allegedly defective design and placement of the gasoline tank. The New York defendants' only connection with Oklahoma was that the accident occurred in Oklahoma. The Supreme Court held that that connection, standing alone, was not sufficient to confer jurisdiction over the New York defendants upon the Oklahoma state court.

In *World-Wide Volkswagen*, the New York defendants were not the owners of the automobile; the negligent act or omission,

i.e., defective design of the gas tank, did not occur in Oklahoma; and the plaintiffs were not Oklahoma citizens. In contrast, in the present case, B. Mears Corporation is the owner of the Peterbilt tractor involved in the accident; the alleged negligent act did occur in North Carolina; and the plaintiff is, and plaintiff's intestate was, a North Carolina citizen.

## II

[2]  The remaining issue is whether the trial court erred in denying defendant's motions to dismiss for failure to state a claim upon which relief can be granted and for summary judgment. Inasmuch as we have concluded that the trial court properly found jurisdiction, the question of the denial of the motion for summary judgment is interlocutory and we need not consider it. Even so, a genuine issue of material fact exists as to whether an agency relationship existed between B. Mears Corporation and the driver of the vehicle as shown by the forecast of evidence showing that the vehicle was leased to Richard and Marilyn Hensel and that the driver was not an employee of B. Mears Corporation, and G.S. 20-71.1, which mandates a *prima facie* showing of agency through proof of ownership. The function of the trial judge under Rule 56 is to determine whether a genuine issue of material fact exists — not to decide the issue. *Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 271 S.E. 2d 54 (1980).

Defendant argues that the lease agreement is not in dispute and its legal effect is a matter of law for determination by the court, citing *Peterson v. McLean Trucking Co.*, 248 N.C. 439, 103 S.E. 2d 479 (1958). We note that our Supreme Court has carefully distinguished *Peterson* and its progeny, confining its holdings to cases involving interstate carriers under leases in which the lessee was operating under an I.C.C. certificate. *See Weaver v. Bennett*, 259 N.C. 16, 129 S.E. 2d 610 (1963). Nothing in the record indicates the Peterbilt tractor was exercising franchise rights under I.C.C. authority.

The decision of the trial judge is

Affirmed.

Judges HEDRICK and WELLS concur.