NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, PLAINTIFF v. JULIE S. F. HOLT, DEFENDANT

No. COA01-1439

(Filed 19 November 2002)

**1. Appeal and Error— lack of jurisdiction—waiver of defense—first raised on appeal**

An argument concerning waiver of the defense of lack of personal jurisdiction was not addressed where it was first raised on appeal.

**2. Jurisdiction— long arm—insurance in North Carolina—vehicle in South Carolina**

Defendant's conduct was covered by North Carolina's long-arm statute in an action arising from an automobile accident in South Carolina involving a vehicle driven by a South Carolina resident, owned by a North Carolina resident, registered in North Carolina, and insured by plaintiff. Defendant ratified the services

performed in North Carolina when her representative signed a form in North Carolina verifying the insurance coverage and mailed it to the South Carolina Department of Public Safety. Additionally, plaintiff processed and investigated defendant's claim in North Carolina. N.C.G.S. § 1-75.4(5)(b).

**3. Jurisdiction— minimum contacts—South Carolina vehicle— insurance claim on North Carolina policy**

The defendant in a declaratory judgment action had sufficient minimum contacts with North Carolina for the exercise of jurisdiction even though she did not physically enter North Carolina where she was driving a truck in South Carolina which was licensed and registered in North Carolina, she mailed a written claim to plaintiff in North Carolina for UIM benefits under a North Carolina insurance policy, the policy was entered into in North Carolina and issued by a North Carolina insurer to the owner of the vehicle, and the owner was a North Carolina resident.

Appeal by plaintiff from an order entered 17 August 2001 by Judge Ola M. Lewis in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 September 2002.

*Caudle & Spears, P.A., by Harold C. Spears and C. Grainger Pierce, Jr., for plaintiff-appellant.*

*Kenneth L. Holland, P.A., by Kenneth L. Holland, for defendant-appellee.*

HUNTER, Judge.

North Carolina Farm Bureau Mutual Insurance Company ("plaintiff") appeals from an order dismissing its declaratory judgment action for lack of jurisdiction. For the reasons stated herein,, we reverse the trial court.

This action arises from an automobile accident that occurred in Spartanburg, South Carolina on 23 February 1997. A pickup truck, owned by North Carolina resident Lewis Kelly Holt ("Holt") and operated by South Carolina resident Julie S. F. Holt ("defendant"), collided with a vehicle operated by Lois Elaine Berry ("Berry"). At the time of the accident, defendant had Holt's permission to drive his pickup truck, which was insured by plaintiff. The truck driven by defendant was garaged and registered in North Carolina and had a North Carolina license plate. At the time of the accident, Berry was

insured under an automobile policy issued by Allstate Mutual Insurance Company ("Allstate") having limits of liability of $15,000 per person. Defendant suffered injuries in the accident and asserted a claim against Berry and her insurer, Allstate, alleging that Berry was negligent in proximately causing the accident and that defendant was injured as a result thereof. On 11 August 1999, defendant negotiated and accepted the sum of $15,000 from Berry and Allstate and executed a Covenant Release and Settlement Agreement in favor of Berry.

On 10 August 1999, defendant, by letter from her attorney, notified plaintiff that she was bringing a claim for underinsured motorist ("UIM") coverage under the policy since Berry's insurer, Allstate, tendered the full $15,000 limit of Berry's liability insurance policy. On 30 December 1999, defendant filed suit against Berry in the Court of Common Pleas in Spartanburg County, South Carolina, for the purpose of pursuing a UIM claim against plaintiff. Defendant's South Carolina suit for damages was served on plaintiff through the South Carolina Department of Insurance on 10 January 2000. Plaintiff's counsel in South Carolina answered defendant's damages suit on 28 March 2000, without mentioning any jurisdictional problems in its answer. Plaintiff's South Carolina counsel admitted the accident was caused by Berry's simple negligence. As a defense to defendant's damages action, plaintiff's South Carolina counsel raised essentially the same issues as were presented in the North Carolina trial court. Subsequently, plaintiff moved under Rule 40(j) of the South Carolina Rules of Civil Procedure to strike her complaint from the docket. In an order filed 1 May 2001, the South Carolina trial court granted this motion and noted that the parties agreed that if the claim was restored upon motion made within one year of the date of the order, the statute of limitations would be tolled.

On 28 April 2000, plaintiff filed a complaint seeking a declaratory judgment declaring that no UIM coverage is afforded to defendant because defendant breached the terms of the insurance policy and violated plaintiff's statutory rights under N.C. Gen. Stat. § 20-279.21. Defendant filed her answer on 4 August 2000. Plaintiff filed a motion for summary judgment on 23 March 2001 asserting that there was no genuine issue as to any material fact and the plaintiff was entitled to judgment as a matter of law. On 10 May 2001, defendant filed a motion labeled "Motion for Summary Judgment Dismissing this Action." Defendant asserted in her motion that the North Carolina court lacked jurisdiction over her. On 13 June 2001, plaintiff filed an

amendment to the complaint, alleging that the North Carolina court had personal jurisdiction over defendant, and defendant filed her answer to the amended complaint. On 17 August 2001, the trial court filed an order dismissing plaintiff's declaratory judgment action for lack of jurisdiction. Plaintiff appeals.

The sole issue presented on appeal is whether the trial court erred in dismissing plaintiff's declaratory judgment action for lack of jurisdiction. We initially note that defendant's motion was labeled as a summary judgment motion. However, in its order, the trial court treated the motion as a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2). We will also treat defendant's motion as a Rule 12(b)(2) motion since defendant's motion was based on lack of personal jurisdiction and "[a] motion is properly treated according to its substance rather than its label." *Harrell v. Whisenant*, 53 N.C. App. 615, 617, 281 S.E.2d 453, 454 (1981).

**[1]** Plaintiff claims the trial court erred in dismissing the action because defendant had previously waived the defense of lack of personal jurisdiction by filing an answer denying allegations in plaintiff's complaint. However, the issue of waiver apparently is raised for the first time on appeal. "[I]ssues and theories of a case not raised below will not be considered on appeal." *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001). Accordingly, we will not consider plaintiff's waiver argument because that issue is not properly before this Court.

**[2]** "The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Replacements, Ltd. v. MidweSterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999). The inquiry for determining whether a nonresident defendant is subject to *in personam* jurisdiction is two-fold—(1) whether the North Carolina long-arm statute allows jurisdiction over the defendant; and (2) whether the exercise of jurisdiction comports with due process requirements of the Fourteenth Amendment. *Fraser v. Littlejohn*, 96 N.C. App. 377, 386 S.E.2d 230 (1989). The plaintiff has the burden of establishing that one of the statutory grounds for jurisdiction is applicable. *Stallings v. Hahn*, 99 N.C. App. 213, 215, 392 S.E.2d 632, 633 (1990). Our long-arm statute "is liberally construed to find personal jurisdiction over nonresident defendants to the full extent allowed by due process." *DeArmon v. B. Mears Corp.*, 67 N.C. App. 640, 643,

314 S.E.2d 124, 126 (1984), *rev'd on other grounds*, 312 N.C. 749, 325 S.E.2d 223 (1985).

Plaintiff contends and we agree that it has met its burden of establishing that there is statutory authority for a North Carolina court to exercise jurisdiction over defendant. Defendant's conduct falls under our long-arm statute, N.C. Gen. Stat. § 1-75.4, which provides in pertinent part as follows:

> A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j), Rule 4(j1), or Rule 4(j3) of the Rules of Civil Procedure under any of the following circumstances:
>
> . . . .
>
> (5) Local Services, Goods or Contracts.—In any action which:
>
> . . . .
>
> b. Arises out of . . . services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant[.]

N.C. Gen. Stat. § 1-75.4 (2001). We note that in its amended complaint, plaintiff failed to specifically cite N.C. Gen. Stat. § 1-75.4(5)b, but instead cited another section and two sections that do not exist. This Court has stated "[t]he failure to plead the particulars of jurisdiction is not fatal to the claim so long as the facts alleged permit the inference of jurisdiction under the statute." *Williams v. Institute for Computational Studies*, 85 N.C. App. 421, 428, 355 S.E.2d 177, 182 (1987). Therefore, it follows that although in the instant case, N.C. Gen. Stat. § 1-75.4(5)b was not specifically cited in plaintiff's amended complaint, we still may consider whether defendant's conduct falls under this section.

We conclude that defendant's conduct is covered by N.C. Gen. Stat. § 1-75.4(5)b since the action arises out of services performed by plaintiff within North Carolina and such performance was authorized and ratified by defendant. Plaintiff provided automobile liability insurance coverage for the truck operated by defendant at the time of the accident. Further, defendant authorized, ratified, and accepted the benefits of plaintiff's liability coverage since plaintiff's representative, Dennis Parker, signed a notice of requirement form in North

N.C. FARM BUREAU MUT. INS. CO. v. HOLT

[154 N.C. App. 156 (2002)]

Carolina and mailed it to the South Carolina Department of Public Safety, which prevented the suspension of defendant's South Carolina driving privileges. In signing the notice of requirement form, Mr. Parker verified that defendant and the truck she was driving at the time of the accident were covered under the insurance policy issued by plaintiff to the owner of the vehicle, Mr. Holt. In addition, after defendant notified plaintiff of her claim for UIM coverage, plaintiff processed and investigated defendant's claim in North Carolina.

**[3]** After establishing that statutory authority exists for a North Carolina court to exercise jurisdiction over defendant, we now turn to the issue of whether the exercise of jurisdiction over defendant is consistent with due process requirements of the Fourteenth Amendment. In order to satisfy the requirements of due process, minimum contacts must exist between the nonresident defendant and the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940)). "This relationship between the defendant and the forum must be 'such that he should reasonably anticipate being haled into court there.'" *Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501 (1980)). Further, for a nonresident defendant to be subject to personal jurisdiction, "defendant must take some purposeful action within the forum state that invokes for defendant the benefits and protections of the forum state's laws." *Fraser*, 96 N.C. App. at 383, 386 S.E.2d at 234 (citing *Hanson v. Denkla*, 357 U.S. 235, 2 L. Ed. 2d 1283 (1958)). The factors to be considered when determining whether defendant has had minimum contacts with the forum state include: "(1) the quantity of the contacts, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience." *Id.*

Applying the above stated principles of law to the facts in the case *sub judice*, we conclude that defendant had minimum contacts with North Carolina such that the exercise of jurisdiction over defendant does not offend traditional notions of fair play and substantial justice. From the record, it appears that defendant did not physically enter North Carolina. However, "[i]t is well settled that a

defendant need not physically enter North Carolina in order for personal jurisdiction to arise." *Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 501, 462 S.E.2d 832, 834 (1995).

The United States Supreme Court has acknowledged two types of long-arm jurisdiction—"specific jurisdiction," when the action arises out of or is related to the defendant's contacts with the forum state and "general jurisdiction," when the action does not arise out of nor is related to defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 80 L. Ed. 2d 404, 411 nn. 8-9 (1984). In the instant case, specific jurisdiction is sought because the controversy relates to defendant's contacts with this state.

When specific jurisdiction is involved, the court must focus on the relationship among the defendant, the forum state, and the litigation. *Buck v. Heavner*, 93 N.C. App. 142, 145, 377 S.E.2d 75, 77 (1989). We initially note that this case relates to a contract that was made and was to be performed within North Carolina. Plaintiff compares this case to cases in which our Courts have held that if a defendant purposefully avails herself of the rights, benefits, and protections of a forum state's laws, then even a single contract can provide the basis for personal jurisdiction over a nonresident defendant. *See, e.g., Tom Togs, Inc.*, 318 N.C. 361, 348 S.E.2d 782; *Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626, 394 S.E.2d 651 (1990). We acknowledge that this case is different from the contract cases cited by plaintiff since defendant in the present case did not enter into the contract and therefore was not a party to the contract. However, we still conclude that defendant had minimum contacts with North Carolina such that due process requirements have been met.

In the instant case, defendant's contacts with North Carolina include driving a truck that was licensed and registered in North Carolina. Additionally, defendant mailed a written claim to plaintiff in North Carolina for UIM benefits under the North Carolina insurance policy. The insurance policy was entered into in North Carolina and issued by a North Carolina insurer to the owner of the truck, a North Carolina resident. In borrowing the truck, defendant availed herself of the liability coverage provided by the North Carolina insurance policy. We also note that North Carolina has a substantial interest in having its courts exercise jurisdiction over this case. This Court has stated that "North Carolina . . . has a manifest interest in providing a forum for the settlement of disputes arising under her laws and to

which her laws must apply." *Swenson v. Thibaut*, 39 N.C. App. 77, 94, 250 S.E.2d 279, 291 (1978). "With insurance contracts the principle of *lex loci contractus* mandates that the substantive law of the state where the last act to make a binding contract occurred, usually delivery of the policy, controls the interpretation of the contract." *Fortune Ins. Co. v. Owens*, 351 N.C. 424, 428, 526 S.E.2d 463, 466 (2000). Therefore, in the case *sub judice*, North Carolina law controls the construction and interpretation of the policy. By filing a claim for UIM coverage under the policy, defendant is seeking to afford herself the protection of North Carolina laws.

For the foregoing reasons, we conclude that the North Carolina long-arm statute permits jurisdiction over defendant and the exercise of jurisdiction is consistent with due process. Therefore, the trial court erred in dismissing plaintiff's declaratory judgment action. Accordingly, we reverse.

Reversed.

Chief Judge EAGLES and Judge MARTIN concur.