MRI/SALES CONSULTANTS OF ASHEVILLE, INC., PLAINTIFF v.
EDWARDS PUBLICATIONS, INC., DEFENDANT

No. COA02-542

(Filed 18 March 2003)

**1. Jurisdiction— long arm—employee search**

Jurisdiction was authorized under North Carolina's long-arm statute where defendant hired plaintiff to find candidates for jobs, plaintiff's only office is in North Carolina, plaintiff's employees used equipment in that office to search for and locate candidates to be a web pressman at defendant's Michigan plant, and a letter memorializing the terms of service said that plaintiff would be performing its services in North Carolina. N.C.G.S. § 1-75.4(5).

**2. Jurisdiction— long arm—consent**

It was not necessary to determine whether a long-arm statute comported with due process where defendant consented to jurisdiction through a letter confirming plaintiff's terms of service.

MRI/SALES CONSULTANTS OF ASHEVILLE, INC. v. EDWARDS PUBL'NS, INC.

[156 N.C. App. 590 (2003)]

Appeal by defendant from order entered 20 February 2002 by Judge Earl J. Fowler in Buncombe County Superior Court. Heard in the Court of Appeals 29 January 2003.

*Walter A. Dinteman, President, for plaintiff appellee.*

*Biggers & Hunter, PLLC, by William T. Biggers, for defendant appellant.*

TIMMONS-GOODSON, Judge.

Edwards Publications, Inc. ("defendant") appeals from an order of the trial court granting North Carolina courts in personam jurisdiction. For the reasons stated herein, we affirm the order of the trial court.

MRI/Sales Consultants of Ashville, Inc. ("plaintiff") is a North Carolina corporation with its principal place of business in Buncombe County, North Carolina. Defendant is a corporation incorporated under the laws of the State of Iowa, and registered to do business in the States of Wyoming, Michigan and South Carolina. Defendant's principal place of business is Seneca, South Carolina.

Plaintiff is a recruiting firm, specializing in locating candidates to fill positions in the publishing and printing industries. On 25 January 2001, Michael Gibson ("Gibson"), an account executive employed with plaintiff, made an unsolicited telephone call from North Carolina to defendant in South Carolina. Gibson contacted Steven Edwards ("Steven"), vice-president of defendant's corporation. Gibson offered to assist defendant in locating personnel to fill positions at defendant's corporation, specifically the newspaper division. As a result of the telephone conversation, Jerry Edwards ("Edwards") gave plaintiff a job search assignment for six positions, none of which were located in North Carolina. Following the telephone conversation in which plaintiff was given the job search assignments, a letter was mailed to defendant confirming the agreement between the parties, establishing service fees and creating deadlines.

On 15 February 2001, Edwards contacted plaintiff seeking assistance in finding a web pressman to work in defendant's Michigan plant. Following the conversation, defendant was again mailed a confirmation letter which contained the following provision:

MRI/SALES CONSULTANTS OF ASHEVILLE, INC. v. EDWARDS PUBL'NS, INC.

[156 N.C. App. 590 (2003)]

. . . .

Because we will be performing our services in the State of North Carolina, its laws would be applicable to our relationship, and its court would have jurisdiction over both of us.

. . . .

If these terms do not reflect your understanding of our agreement, please call us immediately. Unless we provide you with a modifying letter, we will rely on your acceptance of referrals from us as establishing that you have accepted these terms.

. . . .

The job assignment to find a web pressman for the Michigan plant is the underlying action of the matter before this Court.

On 7 March and 12 March 2001, plaintiff made arrangements for a telephone interview between a candidate from New Hampshire and the management of defendant's Michigan plant. As a result of the telephone interview, plaintiff made arrangements, at defendant's expense, for the candidate to travel from New Hampshire to visit the Michigan facility. On 19 March 2001, plaintiff was notified by defendant that an offer had been made to the candidate. Following the notification, plaintiff mailed an invoice to defendant's headquarters in South Carolina. The candidate accepted the offer and was employed by defendant as a web pressman. In May 2001, plaintiff called defendant concerning the unpaid invoice for locating a web pressman to work at defendant's Michigan facility. On 15 June 2001, defendant advised plaintiff that the web pressman had been terminated and that defendant did not intend to pay the invoice.

On 18 June 2001, plaintiff brought suit against defendant in the District Court of Buncombe County, North Carolina, seeking damages. In response to plaintiff's complaint, defendant filed a motion to dismiss under North Carolina General Statutes § 1A-1, Rule 12(b)(2) for lack of personal jurisdiction. Defendant pursued the motion on the following grounds: (1) defendant is a corporation organized and existing under the laws of the State of Iowa; (2) defendant is not doing business in North Carolina; and (3) defendant has never done business in the State of North Carolina so as to invoke the jurisdiction of the North Carolina courts. The trial court denied defendant's

MRI/SALES CONSULTANTS OF ASHEVILLE, INC. v. EDWARDS PUBL'NS, INC.

[156 N.C. App. 590 (2003)]

motion and found that personal "jurisdiction does in fact exist" over defendant. From this order, defendant appeals.

---

The dispositive issue before this Court is whether the trial court erred in denying defendant's motion to dismiss for lack of personal jurisdiction. For the reasons stated hereafter, we affirm the order of the trial court.

"The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Replacements, Ltd. v. Midwesterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999). We note that the trial court's order is devoid of any findings of fact. Where no findings are made, proper findings are presumed, and the role of the appellate court is to review the record for competent evidence to support these presumed findings. *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217-18, *disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000).

The question of whether the trial court has personal jurisdiction over a nonresident defendant involves a twofold determination. *Fraser v. Littlejohn*, 96 N.C. App. 377, 381, 386 S.E.2d 230, 233 (1989). First, the trial court must determine whether the North Carolina long-arm statute allows jurisdiction over the defendant. *Id.* If so, the trial court must then determine whether the exercise of this power comports with the due process requirements of the Fourteenth Amendment. *Id.* The burden is on the plaintiff to establish that one of the statutory grounds for jurisdiction is applicable. *Stallings v. Hahn*, 99 N.C. App. 213, 215, 392 S.E.2d 632, 633 (1990). The long-arm statute "is liberally construed to find personal jurisdiction over nonresident defendants to the full extent allowed by due process." *DeArmon v. B. Mears Corp.*, 67 N.C. App. 640, 643, 314 S.E.2d 124, 126 (1984), *reversed on other grounds*, 312 N.C. 749, 325 S.E.2d 223 (1985).

[1] We first address the issue of statutory authority. Defendant contends that since the underlying matter concerns a job located in Michigan and a candidate from New Hampshire, the North Carolina courts do not have personal jurisdiction. Defendant, however, misapprehends the statutory requirement for a court to invoke personal jurisdiction over a defendant. North Carolina's long-arm statute provides for in personam jurisdiction in the following actions:

MRI/SALES CONSULTANTS OF ASHEVILLE, INC. v. EDWARDS PUBL'NS, INC.

[156 N.C. App. 590 (2003)]

. . . .

(5) Local Services, Goods or Contracts.—In any action which:

a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant . . . to pay for services to be performed in the State by the plaintiff;

or

b. Arises out of services actually performed for the plaintiff by the defendant within this State, or services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant . . . .

. . . .

N.C. Gen. Stat. § 1-75.4(5)(d) (2001).

In the instant case, the services provided by plaintiff were sufficient to bring defendant under the jurisdiction of the North Carolina court. The record reveals that (1) defendant employed plaintiff to locate candidates to fill available job positions within defendant's corporation, (2) plaintiff's only office is physically located in North Carolina, and (3) from that office plaintiff's employees used desk, chairs, telephones, computers and other equipment physically located in North Carolina, to search for and locate candidates presented to defendant for the position of web pressman at defendant's Michigan facility. Furthermore, the terms of the services to be provided by plaintiff were memorialized in a confirmation letter mailed to defendant, in which plaintiff states "we will be performing our services in North Carolina." The record is devoid of evidence that defendant did not agree with the terms expressed in the confirmation letter. The record shows that by accepting candidates from plaintiff, defendant accepted the terms of the confirmation letter and promised to pay for services to be performed in North Carolina by plaintiff. Pursuant to North Carolina's long-arm statute, services provided by plaintiff were sufficient to bring defendant under the jurisdiction of the North Carolina court.

[2] Having concluded that personal jurisdiction is authorized by the long-arm statute, we now turn to the issue of due process. *See Fraser*, 96 N.C. App. at 381, 386 S.E.2d at 234. "When personal jurisdiction is alleged to exist pursuant to the long-arm statute, the question of

MRI/SALES CONSULTANTS OF ASHEVILLE, INC. v. EDWARDS PUBL'NS, INC.

[156 N.C. App. 590 (2003)]

statutory authority collapses into one inquiry—whether defendant has the minimum contacts with North Carolina necessary to meet the requirements of due process." *Hiwassee Stables, Inc. v. Cunningham*, 135 N.C. App. 24, 27, 519 S.E.2d 317, 320 (1999). However, it is not necessary to conduct the two-step determination when a party has validly consented to the jurisdiction of a court. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14, 85 L. Ed. 2d 528, 540 n.14 (1985) (stating that due process is not offended by the enforcement of a consent to jurisdiction provision that is obtained through free negotiations and is not unreasonable or unjust).

In the case at bar, the language in the confirmation letter clearly states that plaintiff will be performing services "in the State of North Carolina, its laws would be applicable to our relationship, and its courts would have jurisdiction over both of us." Typically, contracting parties use three types of provisions to avoid litigation concerning jurisdiction and governing law: (1) forum selection; (2) consent to jurisdiction; and (3) choice of law. *Corbin Russwin, Inc. v. Alexander's Hdwe., Inc.*, 147 N.C. App. 722, 726, 556 S.E.2d 592, 596 (2001).

> The first type, the choice of law provision, names a particular state and provides that the substantive laws of that jurisdiction will be used to determine the validity and construction of the contract, regardless of any conflicts between the laws of the named state and the state in which the case is litigated.
>
> The second type, the consent to jurisdiction provision, concerns the submission of a party or parties to a named court or state for the exercise of personal jurisdiction over the party or parties consenting thereto. By consenting to the jurisdiction of a particular court or state, the contracting party authorizes that court or state to act against him.
>
> A third type, a true forum selection provision, goes one step further than a consent to jurisdiction provision. A forum selection provision designates a particular state or court as the jurisdiction in which the parties will litigate disputes arising out of the contract and their contractual relationship.

*Johnston County v. R. N. Rouse & Co.*, 331 N.C. 88, 92-93, 414 S.E.2d 30, 33 (1992) (citations omitted).

"Due to the varying language used by parties drafting these clauses and the tendency to combine such clauses in one contractual

provision, the courts have often confused the different types of clauses." *Id.* at 93, 414 S.E.2d at 33. The following guidance has been supplied by one commentator who recognized the confusion faced by many courts:

> (1) A typical forum-selection clause might read: "[B]oth parties agree that only the New York Courts shall have jurisdiction over this contract and any controversies arising out of this contract." . . . .

> (2) A . . . "consent to jurisdiction" clause[] merely specifies a court empowered to hear the litigation, in effect waiving any objection to personal jurisdiction or venue. Such a clause might provide: "[T]he parties submit to the jurisdiction of the courts of New York." Such a clause is "permissive" since it allows the parties to air any dispute in that court, without requiring them to do so.

> (3) . . . A typical choice-of-law provision provides: "This agreement shall be governed by, and construed in accordance with, the law of the State of New York."

*Id.* (non-numbered alterations in original).

Here, we are concerned with a consent to jurisdiction clause. The confirmation letter states that the laws of North Carolina will "be applicable to [the] relationship, and its courts [will] have jurisdiction over both [plaintiff and defendant]." This provision is similar to the consent of jurisdiction example supplied in *Johnston County*. The confirmation letter further states that plaintiff will "rely on [defendant's] acceptance of referrals . . . as establishing that [defendant] accept[s] [the] terms [of the letter]." Therefore, it is not necessary for this Court to determine whether the long-arm statute comports with due process requirements, because defendant consented to the jurisdiction of the North Carolina court. We conclude that the trial court's order properly supports its conclusion that personal jurisdiction did exist over defendant.

The order of the trial court is hereby

Affirmed.

Judges TYSON and LEVINSON concur.